HENRY REITZELL *et al.,* Administrators, etc., Appellants, *v.* JOHN MILLER, Appellee.

APPEAL FROM STEPHENSON.

Executors and administrators have no power to submit a claim against an estate to arbitration, so as to bind the estate.

All claims against the estate must be presented to the probate court, and be there adjusted, before they can be legally paid out of the assets of the estate.

It was not the design of the legislature that the filing of a claim in the probate court should arrest the general statute of limitations.

The filing of a claim against an estate, if it is to be regarded as the commencement of a suit, must be at the time appointed by the administrators for that purpose, and it must also be followed by an adjudication at that term, or be regularly continued from term to term until it is passed upon by the court. If this is not done, a discontinuance takes place, and it is no longer in court, and can only become a pending suit by the notice prescribed in the statute.

THE facts of this case are fully stated in the opinion. The cause was tried in the Stephenson Circuit Court, SHELDON, Judge, presiding.

JASON MARSH, and F. W. S. BRAWLEY, for Appellants.

T. J. TURNER, and F. C. INGALLS, for Appellee.

WALKER, J.   It appears from the record that Philip Reitzell died in April, 1850, and letters of administration were granted on his estate to Henry and Franklin Reitzell, at the May term of the probate court of Stephenson county, of that year.   It also appears that they gave notice, requiring the presentation of all claims against the estate to be made for adjustment at the August term following.   That Philip Reitzell in his life-time and at his death was a partner in the firm composed of himself, Miller, and Jonathan Reitzell.   That the administrators and the surviving partners, for the purpose of adjusting the affairs of the firm, submitted its settlement to the arbitrament and award of John H. Adams, John K. Brewster and John A. Clark, who, on the 22nd day of August, 1850, after having heard the evidence, published their award, by which they adjudged that Jonathan

Reitzell should pay Miller the sum of $427.94, and that the administrators of the estate of Philip Reitzell, deceased, should pay him the sum of $2,076.48, and that certain notes and accounts belonging to the firm should be divided, one-third each to Miller, Jonathan Reitzell, and the estate of Philip Reitzell. The appellants failed to comply with the award, and appellee, on the 7th day of May, 1852, filed in the probate court a claim for a balance of five thousand dollars due on an account.

No further steps were taken until the March term, 1859, of the probate court, when the appellee served the appellants with notice to appear and show cause why the claim should not be allowed. The submission and award were filed at that term. The court then tried the cause, and allowed the claim for the sum of $3,143.79, from which appellants appealed the case to the Circuit Court, where it was tried at the January term, 1860, before the court and a jury, and resulted in a verdict in favor of appellee for $3,255.65. Thereupon appellants entered a motion for a new trial, and appellee entered a remittiter for the sum of $1,179.11 ; and the court thereupon overruled the appellants' motion, and rendered judgment against appellants for the sum of $2,076.48 and costs, to be paid in due course of administration. From this judgment they appeal to this court.

The first objection urged against this judgment is, that executors and administrators have no power to submit a claim against an estate to arbitration, so as to bind the estate or change the character of the claim. Our statute of wills requires all claims to be presented to the probate court, and to be there adjusted before they can be legally paid out of the assets of the estate. It provides, in case the executor or administrator shall pay any claim before it is thus adjusted, that before it can become a charge on the assets, he shall prove it in the same manner as if it was held by any other person. The law also provides that payments shall be made on the order of the probate court on the classes and in the order there prescribed. From these provisions, it is manifest that the General Assembly designed that the representatives of deceased persons should exercise no discretion in the allowance and payment of claims against the estate. But that in all cases the claim should be passed upon and allowed by the probate court before the estate should be chargeable with its payment. And if an administrator has no power to admit a claim so as to bind the estate of his intestate, we are at a loss to perceive how he can confer such power upon another. When he attempts to submit such a claim to arbitration he thereby attempts to confer power to bind the assets of the estate for the payment of any sum they may award against it, and this, we think, under our statute, he has no power to do.

It then follows that the submission to the arbitrators and their award did not alter or change the nature of this claim. It still remained an unsettled account, to be established and allowed in the probate court before it could be paid with the assets of the estate.

It is again insisted that this claim was barred by the statute of limitations before the trial was had. The 115th section of the statute of wills (Scates' Comp. 1206), requires all claims to be exhibited against the estate within two years from the grant of letters, or be forever barred, unless the creditor shall find assets of the estate not inventoried or accounted for by the executor or administrator, in which case he may share *pro rata* with other creditors out of such subsequently discovered estate. It was not the design of the General Assembly that the filing of the claim should arrest the general statute of limitations which had previously begun to run, nor to prevent it from afterwards running upon a claim not due at the time of its presentation. The object of this section is to facilitate and produce speedy settlement of estates of deceased persons, and it could not have been the design to give creditors an unlimited period of time within which to establish the justice of their claims after they had been exhibited in the probate court. Such a construction would defeat the manifest intention of the enactment.

This, then, presents the question whether this claim was barred by the general statute of limitations. The fifth section of the act of Nov. 5, 1849, then in force, is this: "No action of debt shall be maintained on any open account, or any promise not in writing, unless the same be brought within five years next after the cause of action accrued; but if said cause of action has accrued five years before the passage of this act, then such action shall not be maintained unless the suit is brought within two years next after the passage of this act." The first section of the chapter entitled "Limitations," (Scates' Comp. 751), which was not repealed by the act of 1849, also limits the action of assumpsit to five years after the cause of action has accrued. Hence, neither the action of debt or assumpsit could be maintained on an account or verbal promise after the expiration of five years from the time it had accrued. In this case, more than five years after the maturing of the debt, the grant of letters of administration or the filing of the claim in the probate court had elapsed before the service of the notice to appear in that court to resist its allowance. The claim was filed on the 7th day of May, 1852, two years after the grant of letters, and it was due from the death of the intestate, in April, 1850. If the five years were computed from the date of the grant of letters, it expired on the 7th of May,

1855, or if it is computed from the day it was filed in the probate court, the five years expired on the 7th day of May, 1857. In either event, the statutory bar was complete before the notice was given or the trial was had.

The filing of a claim in the probate court, if it may be regarded as the commencement of a suit, so as to prevent the running of the statute of limitations, must be at the time fixed by the administrators for filing claims for adjustment. And it must also be followed by an adjudication at that term, or be regularly continued from term to term until it is passed upon by the court. If it is not so acted upon or continued, a discontinuance takes place, and the cause is no longer in that court. *Propts* v. *Meadows*, 13 Ill. 157. After it is thus discontinued, to again become a pending suit, the administrator must be brought into court by the notice prescribed by the statute. In this case, the presentation of the claim against the estate for adjustment, was required by notice to be made at the August term, 1850, but it was not presented at that time. Nor were any steps taken, or proceedings commenced, that could arrest the operation of the statute of limitations, and the claim was barred by lapse of time, before the suit was instituted in March, 1859. The court below therefore erred in overruling the motion for a new trial, as the statute of limitations was interposed, and the evidence under that issue did not warrant the verdict.

The judgment below is reversed and the cause remanded.

*Judgment reversed.*