Syllabus.

# JOHN CLARK *et al.*

## *v.*

## MICHAEL HOGLE, Administrator *et al.*

1. ARBITRATION—*power of an executor or administrator in reference thereto.* An executor or administrator has no power to submit a claim against an estate to arbitration so as to bind the estate, and if he undertakes to do so, a judgment rendered on the award will be void.

2. SAME—*effect of such submission upon a prior valid judgment.* But where such submission was upon an appeal to a circuit court from a judgment in a probate court, allowing a claim against the estate, the void judgment entered upon the award in the circuit court will not affect in any manner, or invalidate the judgment appealed from.

3. WANT OF SERVICE—*default.* A decree rendered upon the default of a party who had no notice of the suit, either actual or constructive, is void as to such party.

4. JURISDICTION IN CHANCERY—*administration of estates.* A creditor of an estate presented his claim to the probate court, at the term appointed by the executor for that purpose, and a portion of it was allowed. The creditor thereupon appealed to the circuit court, when the matter was improperly referred to arbitration, and a judgment was entered on the award for the full amount of the claim. The distributees of the estate filed their bill in chancery to vacate that judgment, which was done, except to the amount allowed in the probate court. After a time, the assignee of the judgment filed his bill in chancery, asking to have that decree annulled, and for an account from the personal representative of the estate of the personal assets, and in default of any, that he be decreed to sell the realty to pay the debt. The estate had not been settled, and soon after the allowance of the claim in the probate court all the papers and records of that court were destroyed by fire: *Held,* that this bill of the creditor should be entertained, under the circumstances of the loss of the records and papers by fire; he had a right to ask an account from the personal representative, and a discovery of assets, and a decree for a sale of realty in default of other assets.

5. ADMINISTRATION OF ESTATES—*within what time the realty may be sold to pay debts.* A little more than eight years had elapsed, after the decree mentioned, before the creditor filed his bill, but it was held, such delay ought not to bar the relief sought, under the circumstances, as he had no means of showing the condition of the estate after the destruction of the probate office, and the estate still remained unsettled.

6. PARTIES—*who may file such a bill.* One creditor alone may file such a bill.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. CHARLES H. WOOD, Judge, presiding.

The opinion states the case.

Mr. JOHN CLARK, for the plaintiffs in error, upon the question of the jurisdiction of a court of chancery to entertain a bill in behalf of a creditor of an estate, insisted that under the circumstances of this case, the relief sought should be granted, citing 1 Story's Eq. Juris. secs. 538, 543, 546, 547, 548, 551, 552, 554 and 555; also, *Propst* v. *Meadows*, 13 Ill. 169; *Vansycle* v. *Richardson*, ib. 174; *Martin* v. *Dryden et al.* 1 Gilm. 210; *Mahar* v. *O'Hara*, 4 Gilm. 427; *Strong et al.* v. *Clawson*, 5 Gilm. 347; *Grattan* v. *Grattan*, 18 Ill. 171.

Messrs. ROFF & DOYLE, for the defendants in error, contended there was no jurisdiction; first, because it did not appear that the personal assets were exhausted, that being the primary fund for the payment of debts. Second, there is a remedy at law, provided by the statute. Third, there being several creditors, one alone can not maintain a bill.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is a writ of error to the circuit court of Iroquois county, to set aside a decree rendered by that court, in a suit in chancery, in which Benjamin F. Smith, by his guardian, and Dinah Smith were complainants, and Benjamin F. Wright, Jacob A. Whiteman and others were defendants, at the December term of 1859, of that court.

The bill was filed by John Clark as assignee of Benjamin F. Wright, and against Michael Hogle, administrator of James M. Smith, deceased, William A. Boswell, executor of Dinah Smith, deceased, and Kate Atkins and others, claiming interests under the will of Dinah Smith.

A demurrer to the bill was sustained by the circuit court, to reverse which, the record is brought here by writ of error.

To understand the case, a brief statement of the leading facts is necessary.

It appears that James M. Smith died in 1854, in Iroquois county, having made his last will and testament, by which he devised his estate, real and personal, after the payment of his debts, to his mother, Mary Mandeville, and to his brother, Benjamin F. and sister, Dinah Smith, he being unmarried and having no child. By the death of Mary and Benjamin, Dinah became entitled to the whole estate, subject to the debts. The will was proved in the proper court in August, 1854, and letters testamentary were duly granted to Whiteman, who qualified, and thereupon gave notice to all persons holding claims against the estate to present them at the December term, 1854, of the probate court, at which term Benjamin F. Wright presented his claim against the estate, amounting to three thousand and sixty-seven dollars, which was allowed by the court to the amount of five hundred and sixty-seven dollars fifty-seven cents, from which Wright appealed to the circuit court.

The judge of that court, having been of counsel in the cause, declined trying the appeal, and, by whose motion is not stated, the court made an order of reference to three persons, who proceeded, after notice to the parties, to hear the case, and they awarded to Wright the full amount of his claim, a copy of which award was duly served upon the parties. A judgment on the award was entered in favor of Wright against the executor, to be paid in due course of administration. Subsequent to this, but at what time is not stated, it is alleged that Wright assigned this claim to the complainant in this bill, nor is it shown what consideration, if any, was paid for the assignment, or that it was of record.

On the twenty-seventh of March, 1855, Benjamin F. Smith, one of the devisees under the will of James M., by his guardian, and Dinah Smith, the other surviving devisee, filed their bill in chancery in the same court, making Michael Hogle,

430          CLARK *et al. v.* HOGLE *et al.*          [Sept. T.,

Opinion of the Court.

administrator with the will annexed, of James M. Smith, deceased, Wright, Mary Mandeville, and Andrew Mandeville defendants, alleging fraud in procuring the judgment in the probate court, and that the finding of the circuit court on the award of the arbitrators was a nullity, and praying that the judgment rendered thereon by the circuit court should be set aside and for nothing esteemed, and that Hogle, the administrator, be enjoined from paying the same.

Without any service of process upon Wright or the other defendants, without any publication against them if they were non-residents, which is nowhere shown, their default was entered and the cause set for hearing.

The court decreed that the judgment of the circuit court on the award should be vacated as to all except the sum of five hundred and sixty-seven dollars fifty-seven cents, allowed by the probate court, with interest thereon from the day of December 1854, and enjoining the administrator from paying over any part of that judgment except the sum of five hundred and sixty-seven dollars fifty-seven cents, with the interest thereon.

It is to annul this decree the bill before us was filed. The file mark is to November term, 1868, more than eight years after the decree complained of was passed.

It is alleged in the bill, that soon after the will was proved, and letters testamentary granted, and the claim of Wright allowed, all the papers of the probate court were destroyed by fire.

The first question presented is, had the circuit court such jurisdiction of the person of Wright as to justify the decree against him? The answer to this is plain. The court had no jurisdiction over him, there having been no notice of the suit, constructive or otherwise, and the decree was by his default. As to him, the decree was a nullity, and is not in the way of the previous judgment on the appeal, from the probate court, which the bill attacked. That was left in full force as a judgment of a court of competent jurisdiction, for the sum

three thousand and sixty-seven dollars, against the executor of James M. Smith, to be paid in due course of administration.

It is said, however, by defendant in error, that this judgment was rendered upon an award of arbitrators, and that it is therefore of no binding force upon the estate. It is held by this court, that an executor or administrator has no power to submit a claim against an estate to arbitration so as to bind the estate. *Reitzell et al. Adm.* v. *Miller*, 25 Ill. 67. This is undoubtedly the true doctrine, and rendered the judgment on the award void and of no effect, but it did not affect in any manner, or invalidate the judgment for the amount found by the court of probate, namely: five hundred and sixty-seven dollars fifty-seven cents, and this amount is saved to Wright, by the decree sought to be set aside.

We were, on the first examination of this case, inclined to hold, under the circumstances attending it, the loss and destruction of the records of the probate court by fire, that there was an equitable claim by Wright, or his assignee, the complainant here, that the administrator should be decreed to account and to sell the lands of the testator sufficient to pay the original judgment obtained before the court of probate, and mature reflection has satisfied us that so to decree would not be at variance with principle, or contrary to the views expressed by this court in the case of *McCoy* v. *Morrow*, 18 Ill. 519, and approved in *Rucker* v. *Dooley et al.* 49 Ill. 377.

Here there were no means accessible to complainant, to show the condition of the estate of Smith, and no pretense of any settlement of it by the executor, before he resigned, or by Hogle, the administrator, who succeeded him, and only a little more than eight years had elapsed, before this bill was filed to require the administrator to sell the land, or enough of it to pay complainant's debt. We do not think, under the circumstances, there was such delay, as to bar the relief sought.

This bill is, in effect, a bill for discovery, and an account of assets, and shows upon its face it would be impossible to do either, by reason of the papers and records being destroyed.

That one creditor may alone file such a bill is well settled. 1 Story Eq. Jur. 603 sec. 546.

We are of opinion, sufficient equities are shown upon the face of the bill to sustain it. The complainant, under the circumstances stated, is entitled to call upon the administrator to show what he has done with this estate ; what assets, if any, there be, subject to the payment of this debt, and in default thereof, compel payment out of the realty. The bill is at least entitled to an answer. What the final decree shall be, must depend upon the issues and proofs made at the hearing.

The decree sustaining the demurrer and dismissing the bill is reversed, and the cause remanded for further proceedings consistent with this opinion

*Decree reversed.*