Syllabus.

PHŒBE A. MILLARD

*v.*

WOOTEN HARRIS, EXr.

*Filed at Springfield January 24, 1887.*

1. APPEALS—*from county court—in respect to separate items of an administrator's account.* The right of appeal is given from any single order of the county court in relation to the settlement of estates and the approval of the accounts of administrators and executors, to the circuit court, and from that court to the further court of review, as provided by statute.

2. Each item in an administrator's account rendered, is a separate claim, depending alone upon its own merits, having no connection with the other items. An appeal by the administrator from an order or judgment rejecting one or more of his claims against the estate, only brings up for review the propriety of the ruling in respect of rejected items.

3. SAME—*how much of the record is brought up, and of assigning cross-errors in respect to items not involved in the appeal.* An appeal from the county court to the circuit court, and from the latter court to the further court of review, brings up so much of the record, only, as relates to the judgment appealed from.

4. On the trial of an appeal from the county court, the circuit court rendered judgment overruling certain exceptions to an executor's final account or report, and partially sustaining certain other exceptions. From the order sustaining the exceptions, the executor alone appealed to the Appellate Court, and the party excepting to the report claimed the right to assign as a cross-error the overruling of the other exceptions: *Held,* that only the judgment upon the exceptions appealed from was before the court, and that the cross-errors could not be assigned except as to the matters brought up by the appeal.

5. ADMINISTRATION OF ESTATES—*limitation as to time of presenting claims—payment of claim by administrator, which has not been presented and allowed.* If an administrator pays off a demand against the estate he represents, within two years after grant of administration, but without its having been allowed in the county court, he must satisfy the court of its validity, and when he shows that such demand was a proper charge, it is the duty of the court to classify such claim and allow him credit therefor, or credit for its *pro rata* share, as the case may require. It is not necessary that payment of such claim be reported, and its validity shown, within the two years' limitation.

6. An executor, during the two years allowed for the presentation of claims against his testator's estate, paid off two of five notes secured by deed of trust on land, and on his final settlement, after the expiration of the two

years, showed the two notes so paid were just and proper demands against the estate, and asked to be allowed a credit for the sum paid on them, which the court denied: *Held*, that the executor was entitled to be credited with the full amount of the notes paid out of the funds of the estate, if the estate was solvent.

7. SAME—*executor's sale of land—paying off incumbrance.* An executor, having power of sale, sold real estate of his testator, which was incumbered by deed of trust, under a promise to bidders that he would discharge the incumbrance. The land sold for only $50 above the incumbrance, which was the fair value of the same. It was *held*, that the executor, on his final settlement of the estate, should be charged only with $50 of the purchase money, notwithstanding he may have charged himself with the full sum the land brought, and also credited himself the amount paid to discharge the incumbrance.

8. COUNTY COURT—*its equitable jurisdiction, in adjustment of accounts of executors, etc.—correction of mistakes.* In case of mistake or accident, by which an administrator or executor is charged in his report with too much or too little, the county court will have the authority to ascertain the true facts, and correct the report as the facts may justify and warrant, and charge him with the amount he justly owes. In the adjustment of the accounts of executors, administrators and guardians, the county court has equitable jurisdiction, and may adopt equitable procedure.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Montgomery county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Ira Millard died November 11, 1877, testate, and, by his will, appointed Wooten Harris his executor, directing him to sell his estate and pay his debts, and the appellant, Phœbe A. Millard, was made the sole residuary legatee and devisee of the will. Letters testamentary were issued to the appellee, November 29, 1877, by the county court of Montgomery county. Ira Millard, in his lifetime, on May 1, 1877, executed a trust deed on a certain eighty-acre tract of land, to William A. Haskell, to secure to Lucy A. Haskell the payment of five promissory notes, each for the sum of $853.33, payable in one, two, three, four and five years from date, with ten per cent per annum interest, which notes were paid by the executor in the following amounts and at the following dates: Paid

May 8, 1878, $940.30; paid July 10, 1879, $1040.58; paid May 14, 1880, $1112.41; paid August 28, 1880, $1137.77; paid August 28, 1880, $1137.77. These notes were paid by the executor without their having been first presented to and allowed by the county court against the estate. On January 21, 1880, the executor made a partial report of his acts, showing his payment of the first two notes, for which he asked a credit, and on February 9, 1881, made a further report, in which he was credited with the other three notes paid. On a proceeding commenced by the appellant, the executor was required to restate his account to the county court, which he did, October 19, 1883. In this report he included the notes paid Lucy A. Haskell, and in approving such report, the county court, among other things, made the following order:

"The said executor having paid the notes of Lucy A. Haskell, mentioned in said report, without their being probated, it is considered and adjudged by the court, that said notes were valid claims against said estate; that they became due at a remote period from the date of letters testamentary; that they were secured by deed of trust on the real estate of the said testator; that the said executor has established their validity by producing them to the court, after their payment, to be cancelled, and it is therefore ordered and adjudged by the court, that said executor be credited therewith, or the amount paid by him thereon, as shown by said report, and the report heretofore filed by said executor, and that the same be classed as of the seventh class, pursuant to the statute in such case made and provided."

The appellant filed her exceptions to this report, questioning the correctness of the payment of the Haskell notes, and some attorneys' fees, amounting to $50, and some other items in his account. The county court overruled the exceptions and approved the report, from which judgment the appellant appealed to the circuit court. The circuit court approved of the report, except as to the payment of $50, attorneys' fees,

and as to payment of part of the Haskell claim. As to that claim, the circuit court held, that as the executor had not presented the claims paid by him to Lucy A. Haskell, and had them allowed within two years from the grant of letters, he was improperly credited with the amount paid her; but as he had sold the eighty acres of land securing payment of these notes, for the sum of $3440, he should be subrogated to the rights of Lucy A. Haskell to that amount, and should be charged only with the difference of the amount paid, which was $1928.83. The executor paid the notes without their being presented to the county court and allowed. Two of them were paid within the two years from the grant of letters, and the other three after that time, but two of them before they were due. There was no dispute as to the genuineness of the notes or the *bona fides* of the debt. From this order of the circuit court the appellee appealed to the Appellate Court for the Third District, where the judgment of the circuit court was reversed, and the cause remanded. From this last judgment the appellant prosecutes this appeal.

Mr. JAMES M. TRUITT, for the appellant:

It will be seen that only two of the Haskell notes were paid by the executor within two years after the grant of letters, and the other three after that time, and that none of them were exhibited to the court, and then only as vouchers to reports, and not as claims, until after the two years had elapsed. Under the statute of 1845, the presentation of a claim to the executor within the two years, prevented the bar of the two years' limitation, but the statute of 1874 requires that the demand shall be exhibited to the court within the two years. *Curry* v. *Mack*, 99 Ill. 606; *Wallace* v. *Gatchell*, 106 id. 315.

Section 70 of the act of 1874 provides that all demands not exhibited to the court within the two years shall be forever barred, etc. Section 71 provides that all claims allowed by the court shall be classed and paid by the executor, etc.

Section 72 provides that when an executer has a demand against his testator's estate, he shall file his demand the same as other persons, etc. Section 73 provides that the county court shall make an entry of all demands against estates, classing them as above provided, and file and preserve the papers belonging to the same.

If the executor pays a claim before its allowance, the court must require him to establish its validity, by the like evidence that is required in other cases, before the same is classed, and he be credited therewith. Under these provisions, a person having a claim against an estate must produce it in writing, (*Harrison* v. *Lindley*, 104 Ill. 245,) and exhibit it to the court within the two years. If the executor pays a demand against the estate before it has been exhibited, and allowed by the court, he takes upon himself all the burdens that the law imposes on the party who held the demand. *Reitzell* v. *Miller*, 25 Ill. 67; *Walker* v. *Diehl*, 79 id. 473; *Bunnell* v. *Post*, 25 Minn. 376.

A mere stranger or volunteer can not, by paying a debt for which another is bound, be subrogated to the creditor's rights in respect to the security given by the real debtor. *Hough* v. *Life Ins. Co.* 57 Ill. 318; *Beaver* v. *Slanker*, 94 id. 175; *Young* v. *Morgan*, 89 id. 199; Sheldon on Subrogation, sec. 1240.

Messrs. LANE & COOPER, and Mr. C. W. BLISS, for the appellee:

The statute authorizes an executor or administrator to pay claims against the estate before their allowance, but by section 73 he is required to establish the validity of such claims, by like evidence as is required in other cases, before the same is classed and he is credited therewith; but this does not require him to present his report within two years. Section 72 refers to claims held by the executor in his own right, and has no application to claims that he has paid. If this is not true, there was no sense in adding section 73. An executor

paying a claim with the money of an estate does not simply stand in the place of the creditor whose claim he has paid, in a court of law. It is a discharge of the claim so far as the creditor is concerned, and the executor could not have it formally allowed as a claim in his favor. *People* v. *Phelps*, 78 Ill. 147; Jones & Cunningham's Probate Practice, 113.

The two years' limitation does not run against executors' accounts or reports. *Monroe* v. *Holmes*, 13 Allen, 111; *Ames* v. *Jackson*, 115 Mass. 509; *Dickson* v. *Arms*, 8 Pick. 396.

As to the right of subrogation as to the three notes paid after the bar of the statute, see *Gaw* v. *Hoffman*, 12 Gratt. 628; *Kinney* v. *Harvey*, 2 Leigh, 70; *Smith* v. *Haskins*, 7 J. J. Marsh. 402; *Pierce* v. *Allen*, 12 R. I. 570; *McNeill* v. *McNeill*, 36 Ala. 109; *Feemsker* v. *Goode*, 12 S. C. 573.

That the county court has equitable jurisdiction, see *Moore* v. *Rogers*, 19 Ill. 347; *Dixon* v. *Buel*, 21 id. 203; *Hurd* v. *Slaten*, 43 id. 348; *Garvin* v. *Stewart*, 59 id. 229; *Wadsworth* v. *Connell*, 104 id. 369; *Brandon* v. *Brown*, 106 id. 519.

It may be that the executor should not have charged himself with the entire proceeds of the sale of the land, but only the sum actually received by him over and above the incumbrance, as this was the only assets which came into his hands.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

Appellee, as executor of the estate of Ira Millard, deceased, presented to the county court of Montgomery county, his report. Five exceptions were filed thereto by appellant, which were severally overruled by the county court, and an appeal taken by appellant to the circuit court. In the circuit court the first and third exceptions were overruled, and appellant excepted. The second exception was sustained as to the sum of $1928.83, and that sum disallowed and overruled to the extent and amount of $3440, to which ruling both parties excepted. The fourth exception was sustained in respect of

two $25 items for attorney's fees, and overruled as to the residue, to which no exception was saved. The fifth exception was overruled without prejudice to appellant, and she excepted. An appeal was prayed by both parties, but was perfected by appellee, only. His appeal, as perfected, is from the order of the circuit court made upon the second and fourth exceptions only, in the rejection of the items mentioned. In the Appellate Court, appellee there, the appellant here, filed cross-errors, assigning as error the orders of the circuit court overruling the first, third and fifth exceptions, and partial overruling of the second and fourth exceptions, as indicated. It is insisted that she has the right to file cross-errors questioning any ruling of the circuit court upon the report of the executor, and is not limited to the orders from which the executor appealed. The contention is, that the appeal by the executor brought the entire record into the Appellate Court for review. So much of the order of the circuit court as sustains the second exception, was reversed by the Appellate Court. The case is brought here by the appeal of Phœbe A. Millard, who now assigns for error this judgment of the Appellate Court, as well as its refusal to sustain her cross-errors.

We are of opinion that the position of appellant is not tenable. In *Curts* v. *Brooks*, 71 Ill. 127, it is said: "The order of approval of a part of the report was a distinct and complete judgment, separate from the other, rejecting his claim for money paid out by him. * * * The order rejecting the claim of the administrator was a separate and wholly independent judgment, in nowise connected with the other; and when it was appealed from, the circuit court only acquired jurisdiction over this judgment, and could only hear evidence and adjudicate upon the rejected items of the report." In *Morgan, Admr.* v. *Morgan*, 83 Ill. 196, it is said, that "each item in the administrator's account rendered is a separate claim, depending alone upon its own merits, having no con-

nection with the other items. The judgment upon it must necessarily be a separate judgment, from which an appeal may be taken." In the case at bar, the item in the report for money paid by the executor on the Lucy A. Haskell notes, is wholly independent of the claim for money paid out on the legacy to Mrs. Taylor, and each of these wholly disconnected with the item for payment of the Haskell, Harris & Co. notes, and all distinctly separate from the claim for the attorney's fees paid. Each item excepted to, depends upon a different state of facts, wholly disconnected with the facts upon which the others are based. Evidence pertinent to any one of them would have no relevancy to the others. The litigation of neither item involves investigation of the others. The allowance or disallowance of the disconnected items in the report are to be held as independent orders of the court.

The 124th section of chapter 3 of the Revised Statutes, as said in *Morgan* v. *Morgan, supra,* "clearly contemplates appeals from any one order of the county court, made in favor or against administrators or executors." The same would be true of the orders of the circuit court made on appeal to that tribunal. The right of appeal from the judgments and orders of the circuit court, in cases of administration of estates, is given by the same section that gives the right of appeal to that court, by adding to the provisions of the act relating to appeals from the county court; the words, "and from the circuit to the Supreme Court, as in other cases." Since the passage of the Appellate Court act, the appeal manifestly lies to the Appellate Court, or this court, from the judgment of the circuit court, as provided in that act. An appeal brings up so much of the record, only, as relates to the judgment appealed from. Any other rule will lead to delay and uselessly expensive litigation. The policy of the law is to facilitate the speedy and economical settlement of estates. There is no hardship in the rule announced. If appellant felt herself aggrieved by any of the orders of the circuit court, she had

the right to perfect an appeal therefrom. Having failed to do so, she can not now file cross-errors upon parts of the record not brought up by the executor's appeal.

No exception having been saved to the orders entered upon the fourth exception, errors assigned thereon can not be considered. It follows, then, that the right of appellant to assign cross-errors is limited to the order of the court upon the second exception.

The second exception questions the right of the executor to credit for payment of five promissory notes, given by his testator to Lucy A. Haskell, and aggregating at the date of payment $5368.83. The facts are, that the five promissory notes were made in the lifetime of Ira Millard, deceased, and were secured by a deed of trust on an eighty-acre tract of his land. One of the notes, for $940.30, was paid by the executor May 8, 1878, and on the 10th of July, 1879, he paid another thereof, amounting to $1040.58. These payments were each made before allowance, but within two years from the date of issuing of letters testamentary, and the notes were held by the executor as vouchers, and presented with his report after the expiration of such two years. The remaining three notes, amounting to $3387.95, were paid out of the proceeds of the sale of the land upon which they were secured. The will of Ira Millard, deceased, provided, that if the personal estate should prove insufficient, the executor should sell sufficient of the real estate of the testator to complete the payment of debts. The executor had the eighty-acre tract incumbered by the trust deed, appraised, and on the 6th of March, 1880, under the power given in the will, sold said tract, at public sale, for $3440. At the sale, the executor publicly announced, and agreed with bidders, that the incumbrance should be paid out of the proceeds of the sale, so that the purchaser would acquire title disincumbered from the lien of the trust deed. The executor, from the money derived from the sale, paid the three notes, and discharged said lien. This left in his hands,

13—119 ILL.

as assets of the estate derived from such sale, the sum of
$52.05. Instead, however, of charging himself with the sum
actually received, he charged himself, in his report, with the
amount for which the land was sold, and asked credit for
the amount paid to remove the incumbrance. This credit of
$3387.95 is also included in the second exception, the excep-
tion thereto being overruled by the circuit court. The cross-
errors assigned by appellant, in the Appellate Court, question
the correctness of this ruling.

Some criticism is made by counsel upon the consideration
of the latter branch of the question, in view of the holding
that the order disallowing the items for the payment of the
two notes first paid, was a separate order from the other,
subrogating the executor to the rights of the payee of the
three notes last paid. It will be observed, that the subroga-
tion allowed by the circuit court, extended not only to the
amount of the three notes, but to the full amount for which
the land sold, and, therefore, the right to payment of a part
of the item appealed from, brings directly in issue the right
to appropriate the proceeds of such sale. The cross-errors
assigned properly question the correctness of the judgment
of the circuit court in that respect.

Appellant insists that the executor having failed to exhibit
for allowance within the two years' limitation, the two notes
first paid by him, is not entitled to be credited with the
amount paid thereon, and the circuit court so held. It is
conceded that the notes were presented to him, and paid,
before the statutory limitations had expired, but were not
allowed against the estate. We are referred to very many
cases, mostly from other States, but none of which can be
said to control the questions here involved. The cases of
*Reitzell* v. *Miller*, 25 Ill. 67, and *Walker et al.* v. *Diehl*, 79 id.
473, are relied upon by counsel as sustaining the contention
of appellant. This question was not before the court in either
of those cases. In the former case, the question under dis-

cussion was, the power of the administrator to submit claims against the estate to arbitration. In the other, the court is discussing the power of the county court to order the sale of lands of the intestate, upon claims not appearing to have been allowed against the estate. In each of these cases it is said, in substance, that when an administrator or executor pays a claim before allowance, he takes upon himself the burden of proving up the claim and having it allowed, the same as any other creditor. In one, it is said by way of illustrating the powers of administrators; and in the other, as showing the necessity of the allowance of claims against estates before a sale of real estate could be made for their payment. When considered in the light of the cases then under consideration, the language employed, especially in the latter case, states the law correctly. The administrator had paid claims against the estate out of his private funds, and he certainly would be required to prove and have allowed such a claim, as any other creditor. In neither of the cases was the two years' limitation in any way involved or discussed by the court.

Section 70, chapter 3, of the Revised Statutes, in providing for the classification of claims, provides that the seventh class shall be all other debts and demands which shall be exhibited to the court within two years from the granting of letters; "and all demands not exhibited within two years, as aforesaid, shall be forever barred," unless the "creditor" shall find other estate not inventoried, etc. Section 72 of the act provides: "When an executor or administrator has a demand against his testator or intestate's estate, he shall file his demand as other persons, and the court shall appoint some discreet person to appear and defend for the estate, and upon hearing, the court or jury shall allow such demand, or such part thereof as is legally established, or reject the same, as shall appear just."

The conclusion would seem irresistible, if the claim paid off and discharged by the executor out of the assets of the estate

became a demand in favor of the administrator, against the estate, within the meaning of the 70th section, that it must be proved and allowed under the provisions of section 72. The limitation applies to all debts and demands against the estate, and section 72 applies to all demands the executor or administrator has against the estate of his testator or intestate. That such was not the intention of the legislature, is, we think, manifest by a consideration of the following section: "The county court shall make an entry of all demands against estates, classing the same as above provided, and file and preserve the papers belonging to the same. If an executor or administrator pays a claim before the same is allowed, as aforesaid, said court shall require such executor or administrator to establish the validity of such claim by like evidence as is required in other cases, before the same is classed, and he be credited therewith." To the end that there may be a speedy settlement of estates, the law requires presentation of all claims within two years from the issuing of letters, and this provision applies as well to executors and administrators having demands, as to others. When the demand has been paid by the executor, it is extinguished, and is, in no just sense, a demand against the estate. All that remains to be done is to adjust the accounts of the executor or administrator. Such claims, when paid out of the assets of the estate, when their validity is shown, as required to establish the validity of the claims against the estate, entitles the administrator to be credited for expenditure of so much of the estate as claims of the same class will be entitled to, *pro rata*, on final settlement.

The case of *The People* v. *Phelps, Admx.* 78 Ill. 147, is a clear recognition of the right of the executor to pay claims out of the assets of the estate within two years, and subsequently be allowed therefor. It is there said by the court: "It was proven the claims were just, and having been presented to the administratrix within the time limited by the

statute, she could, if the condition of the estate would warrant it, pay them, and afterwards have them allowed, which was done in this case." It does not appear in that case, as reported, whether the credit was allowed to the administratrix before or after the expiration of the period of limitation. The administrator or executor has no power or right to admit or adjust a claim, or to settle its validity so as to bind the estate, (*Reitzell* v. *Miller, supra,*) and, therefore, in paying a claim against the estate he is administering, he assumes the burden of satisfying the court of its validity. When he has done this, he has complied with the requirements of the statute, and it is the duty of the court to classify the claim, and allow him credit for having expended so much of the funds of the estate as can be applied *pro rata* in payment of such claim, in the due and proper administration of the estate. (*The People* v. *Phelps, Admx. supra.*) It is not material whether the payment is reported and proof of the validity of the claim made before or after the time limited by the statute for the presentation of claims. It will frequently be the case that the county court can not know whether such claims shall be paid in full or not, until after the two years within which claims may be presented have expired, and creditors in the class to which the particular claim belongs, can be paid in full or not, so that it will be impracticable to give the administrator the proper credit until that time has elapsed. Full power is given that court to compel reports to be made, and to coerce settlements of estates. We have already seen that the executor is entitled to be credited with the full amount of the notes paid out of the funds of the estate, if the estate shall prove solvent, without applying a portion of the amount derived from the sale of the land thereon, under the doctrine of subrogation, as was done by the circuit court.

In regard to the second branch of the order upon the second exception, it is contended that the executor should be charged with the amount of the sale, but should receive no credit for

the money paid to remove the incumbrance from the land; that he having charged himself, must show himself entitled to credits therefor, or account to the estate for it, and that as the notes had not been presented to the county court for allowance, and the Statute of Limitations had barred them, he could not pay them and receive credit therefor. It is insisted, with much force, that the right of the executor to be subrogated to the rights of the payee of the notes is untenable, and also, if the right existed, that the equitable powers of the county court do· not extend to the application of the doctrine of subrogation. It will not be necessary to discuss those questions, for, without invoking that doctrine, upon other grounds the right of the executor to be credited with the amount of the three notes paid from the proceeds of the sale of the land, clearly exists. Clearly, the doctrine of estoppel can not be invoked against the executor. Nothing is shown to have been done by devisee or creditor that would have been omitted, nor anything left undone by any one upon the faith of his report, nor has the position of any one been changed in consequence. Equitable estoppels can only be set up to prevent injustice, not to perpetrate it. By the report, in which he charges himself with the proceeds of the sale of the land, he shows the payment of the incumbrance thereon.

The county court, in the settlement of estates, is vested with equitable as well as legal powers. In case of mistake or accident, by which the administrator or executor is charged in his report with too much or too little, the court will be authorized to ascertain the true facts, and correct the report as the facts may justify and warrant, and charge the executor or administrator with the amount he justly owes. (*Dixon* v. *Buell*, 21 Ill. 203; *Wadsworth* v. *Connell*, 104 id. 369; *Brandon et al.* v. *Brown, Exr.* 106 id. 521.) In the adjustment of the accounts of executors, administrators and guardians, the county court has equitable jurisdiction, and may adopt equitable forms of procedure. (*In re Steele, Guardian*, 65 Ill. 326;

*Hurd* v. *Slayton*, 43 id. 348; *Brandon* v. *Brown, supra.*) Upon the presentation of the report by the executor in this case, if, upon the face of the report, it appeared, or by extrinsic evidence was shown, that the executor had charged himself with a sum not in his hands, or properly not chargeable, the court had the power to ascertain the true facts, and charge the executor with the amount justly chargeable against him, and no more. This the court did, and in so doing was amply sustained by the authorities cited.

That the trust deed was a valid incumbrance upon the land, and the power and right of the executor to make sale of lands, are not controverted. It is apparent that the devisee must take the land subject to such incumbrance. The executor had power to sell the interest of the devisee to complete the payment of debts justly due from the estate, and not barred by the Statute of Limitations. The only interest the devisee could have, would be, that the land should sell for its full value, so that the residue of her estate might be relieved, as far as practicable, from liability. It is shown, and not controverted, that the land brought all it was worth. The executor discharged the lien of the trust deed, not out of funds of the estate, but by an application of so much of the proceeds of the sale thereof as was necessary to pay the same, and no more. Whether the indebtedness secured by the trust deed was barred from probate or not, neither the executor nor the devisee had any legal or equitable right to the money derived from the sale of the land, against the legal holder of such indebtedness. The devisee was in nowise injured by the sale thus made, or the application made of the proceeds. It was understood at that sale, that so much of the purchase money as should be necessary would be applied in extinguishment of the incumbrance, and when paid by the purchaser to appellee, he would hold it in trust, merely, and a court of equity would compel its application in his hands to the payment of the debt secured by the trust deed. The only money that

came into the hands of the executor, as such, and which he was bound to account for as assets of the estate derived from the sale of this land, was the residue after paying the prior subsisting incumbrance thereon. This was the sum of $52.05. The result would have been precisely the same if he had left the incumbrance to be paid by the purchaser, instead of becoming the medium through which the same was discharged. By his report, the county court was apprised of the exact state of the account, and had the right to treat the report of the difference between the amount of the sale and the amount taken therefrom to pay the incumbrance, as the amount which should have been accounted for as assets in hand, which it did, or the court could have stricken out these items, and compelled the report of the amount actually received by the executor.

Finding no error in this record for which the judgment of the Appellate Court should be reversed, the judgment of that court will be affirmed.

*Judgment affirmed.*