H. H. Staggers, Appellant, v. Estate of Hester J. Staggers, Appellee.

ADMINISTRATION OF ESTATES—*right of party to file several distinct claims.* Where a claimant has several claims arising at different times and growing out of different transactions, the law does not require him to include all the accounts that he may have against an estate in one action, but he may, under such condition, file separate and distinct claims for each transaction which is separate and distinct from those in other claims.

Contested claim in court of probate. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

H. M. STEELY, for appellant.

· J. H. LEWMAN and R. B. HOLMES, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellant was a nephew of Hester J. Staggers, deceased. During her lifetime he acted as her agent in the transaction of her business and the management of her property. For this purpose she executed to

him a power of attorney. After he had been acting under this power of attorney for some time he claims that his relation as attorney in fact in the transaction of her business was changed by reason of a contract of agreement alleged to have been entered into, in and by which he claims she gave him certain amounts of money in consideration of which he was to take care of her during her lifetime and pay certain of her outstanding indebtedness.

Upon the death of her husband, Hester J. Staggers became involved in considerable litigation over her interest in her husband's estate. This was finally determined by a partition suit and upon the payment to her of the proceeds of her husband's estate, checks were made by the master in chancery payable to her order and endorsed by her to appellant and deposited by him in the First National Bank of Danville to his own credit, and this is the time when he claims the relation before that time existing, was changed.

On her death he was appointed executor of her last will and testament and qualified as such; appellant filed a claim in the county court against the estate of Hester J. Staggers for certain sums of money claimed to have been paid out for her use and for services in attending to her business. In this claim was originally included certain amounts which were paid out of the fund which he had received and deposited in the First National Bank. Before the hearing on this claim, he amended his claim by striking from it the items claimed to have been paid from this fund or paid for her use after the alleged relations which had existed between deceased and appellant were changed by the agreement alleged to have been made. Upon the claim as thus amended, a hearing was had in the county court and for the purpose of defending the estate against this alleged claim, Lawrence Allen was appointed administrator *pro tem;* upon the hearing of this claim appellant was allowed by the county court a

judgment for $2,982.89. From this judgment the administrator *pro tem* appealed to the circuit court.

After appellant had amended his claim in the county court by striking out these items, he then filed in the county court another or additional claim, setting forth the items which had been stricken from his first claim and included therein others which he claimed were proper charges against the estate, if he failed to maintain the alleged contract and gift of the proceeds of the checks. Upon the filing of this claim, upon his motion, it was stricken from the claim docket by the county court with leave to reinstate. This was done because the items, which composed this additional claim, were inconsistent with his contention of a gift or contract, and it was done to postpone a hearing upon this additional claim until the question of gift and contract were finally determined.

Upon the trial the administrator *pro tem* claimed as a set-off against appellant's claim the proceeds of the checks received by appellant from Hester J. Staggers. The total of the sums so received by him was $7,123.86, and this amount being in excess of appellant's claim, the administrator asked for judgment against appellant for whatever amount should be found to be due the estate, if any.

Neither on the trial in the county court nor upon the hearing of the appeal in the circuit court was any evidence offered concerning any of the items which were stricken from appellant's claim as originally filed. The hearing was upon the claim as amended and upon this hearing the jury returned a verdict against appellant and in favor of appellee for $6,132.12. Appellee remitted from that amount $2,000 and the court rendered a judgment for $4,132.12 against appellant.

Pending the appeal in the circuit court, no action was taken upon the items of the additional claim filed in the county court and which had been stricken from the docket with leave to reinstate.

After the judgment rendered in the circuit court upon that appeal, appellant then caused to be reinstated in the county court his additional claim and upon a hearing on that claim in the county court, a judgment was rendered in his favor for $914.59. From that judgment an appeal was prosecuted by the *pro tem* representative of the estate of Hester J. Staggers. Upon this appeal a jury was waived and hearing had before the court; the trial court made no finding on the merits of the various items in this claim but held the claims to be *res adjudicata* of the former claim and rendered judgment against appellant.

Appellant submitted to the court the following proposition of law:

"The court holds it to be the law that where one person pays the debts or obligations of another, by request of such other person, the law raises an implied promise by said person to repay the one so paying such debts or obligations. And that in this case if it is shown by a preponderance of the evidence that claimant paid any debts or outstanding obligations of Hester J. Staggers, at her request, and that he has not been repaid, then he is entitled to recover any such sum or sums so paid, laid out, and expended at her request."

The court added to this proposition of law the following:

"But the court holds that under the evidence in this case the claimant is barred from a recovery because said claims are *res adjudicata*."

Appellant assigns as errors the action of the court in adding to this proposition of law and then holding it as the law as modified.

Appellant also submitted to the court the following propositions of law:

"The court holds it to be the law that in a proceeding in a court of record the plaintiff or claimant is not required to join all his claims or demands in one claim or suit; but that he may present such claims separ-

ately in county court against the estate or sue them separately, as he sees fit.

"The court holds it to be the law that although the plaintiff, H. H. Staggers, may have presented a claim in the county court previous to the claim in question, which included some of the items included in the original and amended claim in this case, yet if previous to judgment on such original claim and before, or at the time of trial thereon, such item or items were withdrawn and dismissed by the plaintiff, that such representation and adjudication in such former case would not bar or prevent plaintiff presenting a claim for the items so withdrawn, and litigating the same in this case, or recovering thereon, if said items are proven and established by a preponderance of the evidence."

Both of which the court refused to hold as the law, and marked them refused.

By the modification of the first proposition submitted by appellant the trial court held that the doctrine *res adjudicata* applied to this claim for the reason that appellant had filed a claim in the county court against the estate of deceased upon which hearing had been had and that the law required appellant upon that hearing to litigate all claims that he might have against the estate of Hester J. Staggers, and having failed to do so he is now barred from prosecuting any further claim.

In so holding the trial court was in error. The doctrine of *res adjudicata* to a claim filed against an estate can only be applied where the items in said claim grow out of or relate to the same circumstances and transactions concerning items which are included and litigated upon the former hearing, but where a claimant has several claims arising at different times and growing out of different transactions, the law does not require him to include all the accounts that he may have against an estate in one action but he may, under such condition, file separate and distinct claims for each transaction which is separate and distinct from those in other claims; and in this case the claims

which were withdrawn by appellant from the claim upon which the hearing was had, were wholly inconsistent with the claim made by him of a gift, and upon the hearing in which the items of the other claim were litigated and he had the right to have the hearing upon the items withdrawn postponed until such time as the question of the gift might be finally adjudicated, and appellant is not barred by the judgment rendered upon the hearing of the claim of which these items did not compose a part. Millard v. Harris, Executor, 119 Ill. 185; City of Chicago et al. v. Cameron et al., 120 Ill. 447; Equitable Trust Co. v. Fisher, 106 Ill. 189.

The court did not err in refusing to hold propositions two and three submitted by appellant. The propositions of law submitted did not distinguish between the acts which arose from different and distinct transactions or circumstances and those which may have arisen or grown out of or related to one single transaction.

Upon the question of the right of appellant to recover upon any items set forth in his claim, this court expresses no opinion whatever. The only question presented to this court for its determination is whether the trial court was in error in holding that this claim was *res adjudicata*, and upon that we hold the trial court was in error and for the reason of the trial court in so holding the judgment of that court is reversed and the cause remanded.

*Reversed and remanded.*