MARGARET O'CONNOR, Administratrix, etc.,

*v.*

CATHARINE O'CONNOR.

DELAY *in presenting a claim against an estate—to be considered.* A claim against an estate, bearing such marks as induced a suspicion as to its fairness, was not presented until some three years after the death of the intestate. This delay in presenting the claim was regarded as so important a circumstance for the consideration of the jury in determining whether the claim ought to be paid, that a modification by the court below of an instruction asked on behalf of the estate, which would be likely to exclude the consideration by the jury of that circumstance, was held to be ground for reversal of the judgment allowing the claim.

APPEAL from the Circuit Court of Grundy county ; the Hon. JOSIAH McROBERTS, Judge, presiding.

Catharine O'Connor presented a claim against the estate of Martin O'Connor, deceased, in the probate court of LaSalle

county, for services alleged to have been rendered by her son, for the deceased, in his life time, the latter being an uncle of the boy. The proceeding was taken into the circuit court of LaSalle county, on appeal, and finally, on change of venue, removed into the circuit court of Grundy county.

. Upon the trial below, the administratrix asked the following instruction to the jury :

" In determining the question as to whether the claim of the plaintiff in this suit was paid or settled during the lifetime of Martin O'Connor, the jury have the right, and it is their duty, to consider all the circumstances surrounding the case, the fact, if it be a fact, that the plaintiff delayed presenting her claim for the period of over three years, from the time the services for which charged ended, in determining the character of the claim made, together with all the other circumstances of the case as they appear in evidence."

The court refused to give the same as asked, but gave it with the following modification :

" But the jury are instructed that, should they believe, from the evidence, that the plaintiff, Mrs. Catharine O'Connor, did not bring suit or make any demand for the claims in question in this suit within three, or even four years, from the time of rendering said service, yet, such fact in no way or manner debars or prejudices said plaintiff in her said claims and demands in this suit."

The jury returned a verdict in favor of the plaintiff for the sum of $800, for which judgment was rendered. The administratrix appealed.

Mr. D. L. Hough, for the appellant.

Messrs. Bushnell & Avery and Messrs. Olin & Armstrong, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a claim against an intestate's estate, presented three years or more after the death of the intestate, and there are circumstances developed by the testimony which would lead to the conclusion that it had but slight foundation in justice. It is not difficult to induce a jury to allow such a claim as this, the one making it being a widow claiming for her son's services to a childless relative who died leaving a considerable estate, of which he made no testamentary disposition. A struggle not infrequently arises in such cases among the relatives of the deceased, as to who shall get the largest share. The fact that this son, when about fourteen years of age, was in some kind of service for his uncle, afforded a good opportunity to the mother to make her claim on his estate, while there are strong grounds for believing the deceased stood to the boy *in loco parentis*, no idea then existing of any contract for service, or of any responsibility therefor. No claim was presented or made during the life time of the uncle, and he lived some time after the boy left his service, and not until three years after his death was it thought expedient to make a claim.

Under these circumstances the court should have given the second instruction asked by the defendant, without any qualification, for it was a case in which a jury should be warned by the court to consider well all the circumstances attending the claim, and long delay in prosecuting it ought to have some influence on the jury, unexplained as it was, and should have induced the jury to look upon the claim with suspicion.

We are not inclined to believe from the facts in the record, developing the kind of case they do, that any obligation rests upon the estate of the deceased to pay the plaintiff the large amount found by the jury, or any very considerable amount. The claim, under the circumstances, was a suspicious claim. The delay in prosecuting it, wholly unexplained, ought to have prejudiced it.

The modification by the court tended very much to nullify that portion of the instruction given, for delay in bringing suit was one of the circumstances in the case, and in the portion of the instruction given, the jury were told by the court to regard them.

We think the case should be considered by another jury. The judgment, for the reason given, is reversed and the cause remanded.

*Judgment reversed.*