## FRED W. HAPKE, ADM'R,

v.

## PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.

*Administration—Questions of Law and Fact—Trial by Jury—Administrator's Account—Payment after Two Years—Statutory Bar.*

1. The question whether an amount paid by an administrator out of assets in his hands should be placed to his credit, is one of law and not of fact, and it should not be submitted to a jury.

2. In proceedings to compel an administrator to settle his account wherein he claimed as a credit an amount paid by him out of assets belonging to the estate upon a claim which had never been filed or allowed against it, this court sustains the order of the court below, allowing such portion of the payment as was paid within two years after the issue of letters of administration.

[Opinion filed January 10, 1889.]

APPEAL from the Circuit Court of Randolph County; the Hon. AMOS WATTS, Judge, presiding.

Mr. JOHN MICHAN, for appellant.

Mr. H. CLAY HORNER, for appellee.

An administrator can not pay a claim after two years from grant of letters and get credit for it. Harris v. Willard, 17 Ill. App. 512; S. C., 119 Ill. 195.

A jury can not be insisted upon as a matter of right in an accounting in Probate Court. It is "the court" that must adjust these accounts, and it acts as does a court of equity in these matters of accounting. Sec. 113 R. S., Ch. 3; Mack v. Woodruff, 87 Ill. 574.

In stating an account the Probate Court and the Circuit Court on appeal sit as courts of equity and a jury in stating such account would be as much out of place as in a partnership accounting. Mack v. Woodruff, 87 Ill. 574. The case cited by appellant from 52 Ill. 316 is governed by R. S. Ch. 3, Sec. 60; Heward v. Slagle, 52 Ill. 336.

The administrator must make every defense and must at his peril insist upon statutes of limitations. McCoy v. Morrow, 18 Ill. 524; Langworthy v. Baker, 23 Ill. 491. The case of Harris v. Millard, 17 Ill. App. 513, seems to be decisive of this case. The case appears also in 119 Ill. 195. The County Court and Circuit Court in this case were guided by that case, and allowed the administrator credit for all that was paid within two years ($248) and refused all payments afterward made ($499.99). If the payment of a few cents on a large claim could save the limitation we will soon find creditors getting a small payment within two years and holding back their claims to get the contract rate of interest where a judgment would cut them down to the legal rate. No one will contend that the administrator can pay off a claim that is actually barred when he pays it off, and get credit for it. He can not revive a dead claim. For a like reason a payment of part within two years will not enable him to save the bar as to the residue.

The law requires more than simple notice to the administrator of the existence of the claim. This was the law prior to 1872. The act of 1859 (L. 1859, 93–4) was an abortive attempt to correct the delays growing out of the old law. See Wells v. Mills, 45 Ill. 35. The act of 1872 is imperative and bars all claims not "exhibited to the court within two years," etc. R. S. Ch. 3, Sec. 70. The object of this law is that there shall be an adjudication within two years or decisive steps taken by suing on the claim. See People v. Brooks, 22 Ill. App. 597. Notice to the administrator is no

longer enough.   His own claim is barred if he does not " ex-
hibit it to the court."   The language of Sec. 72, " he shall
file his demands as other persons," is very plain.   See Harris
v. Millard, 17 Ill. App. 512.

GREEN, P. J.  On November 20, 1882, appellant was
appointed administrator with the will annexed, of the estate
of Hannebutt, deceased, and Louisa Bolling, sole legatee, hav-
ing instituted proceedings against him in the County Court of
Randolph county to compel him, as administrator, to make a
settlement of said estate, he appeared and filed his report July
13, 1887, and among other items therein claimed and asked to
be allowed as a credit $747.99, paid by him out of assets of
said estate in his hands to the payees of a promissory note for
$600, dated August 8, 1882, payable one year after date,
with eight per cent. interest, by said Hannebutt and himself,.
which had never been filed, or allowed as a claim against said
estate.   The County Court, by its order, allowed but $248 of
the sum he so claimed as a credit, and he thereupon took an
appeal to the Circuit Court, and there demanded a trial by
jury, which was refused, and upon the hearing the court al-
lowed him $248 as a credit, and disallowed the balance of the
$747.99 so claimed.

But two errors are assigned, viz.: The refusal of the court
to allow a trial by jury, and its refusal to allow appellant as a
credit the whole sum of $747.99 paid by him on said note.

The County Court and Circuit Court, on appeal, determine
cases of this character without a jury.   The question here
involved was one of law, not of fact; the amount paid by
appellant out of assets in his hands as administrator was not in
dispute, but it was denied he had a legal right to be allowed
the whole amount as a credit.   The Circuit Court did not
err in refusing the demand for a jury trial.   Heward v. Sla-
gle, 52 Ill. 316; Mack v. Woodruff, 87 Ill. 574.

The court did not err, either, in allowing no more than $248
as a credit upon appellant's account as administrator.   This
sum was paid on said note within the period of two years
next after he took out his letters of administration, at the

expiration of which period said note, never having been exhibited as a claim against said estate, was barred except as by the statute; the balance of the sum claimed and disallowed was paid after that period of two years had elapsed and was then wrongfully paid by appellant out of assets of the estate in his hands; he should have resisted the payment of it and insisted on the bar of the statute as a defense if it had been presented as a claim after the two years had expired. McCoy v. Monow, 18 Ill. 524; Unknown Heirs of Langworthy v. Baker, Adm'r, 23 Ill. 491.

Had appellant paid the whole sum before the two years had expired a different question would be presented; but he is not entitled under the facts proven to a credit for a larger sum than the court allowed him. Harris v. Millard, 17 Ill. App. 513; Same v. Same, 119 Ill. 195.

The order of the Circuit Court is affirmed.

*Order affirmed.*