## P. E. LEWIS ET AL.
### v.
## N. R. FLOWREE, ADMINISTRATRIX.

*Administration—Debts—Sale of Real Estate for Payment of.*

Upon an appeal from an order finding that the personal property in the case presented was insufficient to pay the debts of a given estate, and directing the sale of certain real estate that the same might be paid, this court holds as proper the consideration of a report made by the adminis-

tratrix at a term subsequent to the filing of the petition, said report having been approved by the County Court, that the administratrix is not chargeable with certain items of property named, the evidence justifying the conclusion that they were her property and not the property of the estate, and that the judgment of the trial court can not be interfered with.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Mason County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. I. R. BROWN and H. R. NORTRUP, for appellants.

Messrs. WALLACE & LACEY, for appellee.

WALL, P. J. This was a proceeding originating in the County Court upon the petition of Nancy R. Flowree, administratrix of A. C. Flowree, for leave to sell real estate to pay debts. The petition was heard and leave to sell was granted. The cause was removed by appeal to the Circuit Court, where, upon a full hearing, an order was entered finding that the personal estate was insufficient to pay debts, that the deficiency was nearly $1,397, besides interest and costs, and ordering the sale of the real estate, describing it, upon the usual terms. From that judgment an appeal is prosecuted to this court by some of the heirs.

The first objection presented is, as to the consideration of a report made by the administratrix at a term subsequent to the filing of the petition, which report had been approved by the County Court. That report was a part of the files of the County Court in the estate, and while it was not conclusive evidence as against the heirs, we see no reason why it was not admissible, nor can we see any just reason for the position of appellants that sundry claims paid by the administratrix after the filing of the petition should be disregarded.

She testified, without objection, that they were just claims against the estate and there was no contradiction. Millard v. Harris, 119 Ill. 185. The finding of the Circuit Court is sufficiently sustained by the testimony, so far as the indebtedness of the estate is concerned.

The principal and the substantial controversy in the case is in regard to the personal assets of the estate, whether the administratrix is properly chargeable with certain items, viz., a span of colts, valued at $100, and two promissory notes of $700 each, secured by a mortgage on certain real estate.    The notes were the proceeds of a tract of land conveyed by Hawks, the father of the administratrix, to her and her husband, A. C. Flowree, jointly.    No consideration was paid for that conveyance.    A short time afterward A. C. Flowree and his wife (the administratrix) conveyed the land to one Chester, in return for which Chester conveyed to Nancy R. Flowree, the administratrix, a house and lot in the town of Easton, rated at $700, and also gave two notes for $700 each, secured by a mortgage on the land which had been conveyed to him.    It is a contested point as to who was the payee of these notes. There is some evidence tending to show they were payable to A. C. Flowree, but we think there is more that they were payable to Nancy R., and that this was done at the instance of the husband, he saying that if she got all, it would be no more than her father had given them and it was all hers.

It also appeared that the colts in question were received for one year's interest on these notes; that when Chester proposed to turn them in for that purpose Flowree said he would consult his wife about it; that he did so, and after she had consented to take them it was done, and that afterward one of them was, with her consent, exchanged for another colt.    It also appeared that on another occasion A. C. Flowree recognized and spoke of the notes as belonging to his wife.    We think there is sufficient evidence, if believed by the court, to justify it in the conclusion that these notes were payable to the wife, Nancy R., who was certainly the meritorious cause of them and so regarded by her husband.    The mortgage given to secure them was very inartificially drawn, in not specifying to whom they were payable, and as recorded, the name of A. C. Flowree appears as the mortgagee, though as it now appears, the initials A. C. have been stricken out and N. R. inserted.    When or by whom this was done can not be determined.

After the death of A. C. Flowree these notes were surrendered and new ones, payable to Nancy R. Flowree, were made by one Duckett, who had bought the land from Chester. These last were secured by a mortgage to Nancy R. Flowree, and are the notes in controversy.

It is not deemed necessary to state in further detail the testimony bearing upon the dispute. We can not say the conclusion reached by the court was erroneous, but are, on the contrary, inclined to the opinion that it is supported by the weight of the evidence.

The judgment will therefore be affirmed.

*Judgment affirmed.*