## Naomi Emerick v. Ade O. Hileman, Adm'r.

1. ADMINISTRATION OF ESTATES—*Imperfect Inventories.*—An administrator filed an inventory, showing among other assets a note signed by himself valued at " $3,900, less payments." *Held*, that the heirs might have obtained from the County Court an order for a more perfect inventory showing the precise amounts claimed to have been paid on the note, but that having failed to do so, they could not insist on having the administrator charged with the face of the note regardless of payments, merely because of the admission contained in said inventory.

2. SAME—*Uncredited Payments on a Note Can Not be Allowed as a Claim Against an Estate.*—An administrator filed a partial report in which he charged himself with the amount due on a note after deducting certain alleged payments which were not indorsed on the note. An heir objected to the final report, claiming that the administrator should have filed his claim against the estate and had a special administrator appointed to defend, and that until a claim for the payments was so allowed he could not take credit therefor. *Held*, that payments to the deceased on a debt could not constitute a claim against her estate, and that the objection was not well taken.

3. SAME—*Appointment of Administrator Pro Tem.—Duty of Court as to Reports.*—Every time an administrator presents a report, it is possible that some one might advantageously resist its approval in the interest of the heirs and creditors, but the law has not provided for the appointment of an administrator *pro tem.* for such purposes, but has made it the duty of the county judge to scrutinize such matters, ascertain the facts and protect the interest of all.

4. SAME—*Jurisdiction of County Court—Effect of Approval of Partial Report.*—An administrator presented a partial report, in which he charged himself with the balance due on a note after deducting certain alleged payments not credited on the note, and the report was approved. On an appeal from an order approving a final report, *it was held* that the County Court had jurisdiction to hear and determine the matters presented by the administrator's first report; that its adjudication as to the amount due to the estate was *prima facie* correct, and that unless an heir assailing its correctness showed by a preponderance of the evidence that the item in the first report as to the amount due on the note was incorrect, the judgment approving such report must stand.

5. SAME—*Presumptions in Favor of Rulings of County Court.*—The court must assume, where nothing appears to the contrary, that a county court performed its duty in passing on the report of an administrator; that it heard only competent testimony, and that a fact found by it was established by proper proof.

6. APPEALS AND ERRORS—*An Appellant Can Not Complain of His Own Questions.*—An appellant can not complain of questions he himself puts, nor the answers thereto, and whether such questions were proper

cross-examination, or whether the appellant made the witness his own upon the subject, is immaterial.

**Petition,** by an administrator for approval of final report and for a discharge. Appeal from the Circuit Court of Carroll County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

HENRY MACKAY, attorney for appellant.

On a report made by an administrator, an order of distribution in the County Court, without notice to the persons entitled thereto, is void, and an order at a subsequent term of the County Court, setting the same aside, is proper. Long v. Thompson, 60 Ill. 27; Schlink v. Maxton, 153 Ill. 447.

If an administrator or executor has a claim against an estate he must file it the same as other persons. If he credits himself with payments in his report of taxes, etc., made in the lifetime of the intestate, they are improper. R. S., Chap. 3, Sec. 72; Corrington v. Corrington, 15 Ill. App. 393.

The County Court has full power on motion by an heir at a subsequent term to set aside a judgment entered in favor of an administrator who has presented a claim. Such a judgment is not final; it can be opened for fraud, concealment or mistake. Courts may correct mistakes on final settlement and do complete justice between parties. There is no privity between the administrator and heir. Schlink v. Maxton, 48 Ill. App. 471; S. C., 153 Ill. 447; 7 Am. & Eng. Enc. of Law, 442.

The burden of proof on appeal is on the administrator to show that he has accounted for the amounts inventoried by him. It is a trial *de novo,* the administrator holding the affirmative, alleging he has fully administered. Heward v. Slagle, 52 Ill. 336.

A County Court has power to undo what has been done by fraud or concealment in the administration of an estate, whether in the procurement of allowance of claim or in an order finding a settlement. When an administrator comes into court asking for the benefits of a former order allowing a claim against an estate in his own favor he must be pre-

pared to show, if the case require it, that such decree or order was right. Shepard v. Speer, 41 Ill. App. 211; Wadhams v. Gay, 73 Ill. 431; Bliss v. Seaman, 59 Ill. App. 236; S. C., 46 N. E. Rep. 279.

Residuary legatees may, before final settlement, contradict or surcharge a partial annual settlement made by an administrator and affirmed by the Probate Court. A receipt "in full" given on partial successive annual settlements does not estop heirs from impeaching accounts on which distribution was made. There is no element of estoppel in such receipt. Bliss v. Seaman, 46 N. E. Rep. 279; 59 Ill. App. 236.

An administrator is a trustee, and heirs have a right to rely on the good faith of the administrator as such. Whitlock v. McClusky, 91 Ill. 582.

If an administrator has any claim against an estate, or has paid money on account of his intestate in the lifetime of said intestate, he must present such claim for probate under Ch. 3, Sec. 72, R. S. Corrington v. Corrington, 15 Ill. App. 393; 124 Ill. 363; Harris v. Millard, 17 Ill. App. 512; Millard v. Harris, 119 Ill. 185; May v. Leighty, 36 Ill. App. 17; Simms v. Guess, 52 Ill. App. 543; Lynch v. Divan, 66 Wis. 490; 29 N. W. Rep. 213; Paschall v. Hailman, 4 Gilm. 285.

Inventories and bills of appraisement and authenticated copies thereof may be given in evidence in any suit by or against an administrator or executor, but shall not be conclusive for or against him, if any other testimony be given that the estate was really worth, or was *bona fide* sold for more or less than the appraised value thereof. R. S., Sec. 56, Chap. 3.

An inventory duly returned to the Probate Court is *prima facie* evidence of the estate's property and throws the *onus* of disproving its correctness upon the representative. 7 Am. & Eng. Enc. of Law, 307.

All records of courts must be tried and construed by the records themselves. The record in one part may contradict another part, or one part may limit or qualify or explain another part; but evidence *dehors* the record will never be

received for the purpose.    Barnett v. Wolf, 70 Ill. 76; Dickison v. Dickison, 124 Ill. 483; Botsford v. O'Conner, 57 Ill. 72.

Recitals in a judgment or order of a court may be contradicted and overcome by the recitals themselves.    Culver v. Phelps, 130 Ill. 218.

It is the acknowledged duty of all courts when the claims of an administrator are preferred against an estate which he represents, that all matters pertaining to it and the administration of the estate shall be closely scrutinized; they stand in a fiduciary relation.    Such is the relation an administrator bears to the estate and to all parties interested that courts can hardly be too careful in scrutinizing so that the true facts and real condition of the estate, and the acts and doings of the administrator can be readily seen and easily comprehended by those in interest.    It is a lamentable fact that in some of the County Courts having jurisdiction in such matters sufficient caution is not used, and their records will show the discharge of many an administrator on final settlement who has never rendered a full account of his stewardship, or such a one as could be understood by an heir or creditor if examined within even a brief time after such settlement.    We do not remember many cases where an administrator has pursued the law in stating and proving his account, or wherein a County Court had applied the rules of law to him.    Johnson, Adm., v. Gillett, 52 Ill. 358.

The law recognizes three classes of claims against an estate :

1st.    Claims of third persons filed in writing and proved by them.

2d.    Claims of third persons paid by the administrator without being presented by them against the estate and for which the administrator or executor asks credit in his report; but in this case he takes upon himself the burden of proving the claim he may have paid the same as any other creditor.

3d.    Claims of administrators against the estate; the last are governed by section 72, chapter 3, of the statute, and its

provisions can not be disregarded. The distinction as to these three classes of claims against an estate is clearly defined and argued in the case of Millard v. Harris, 119 Ill. 185.

As to his own claim against the estate he must follow section 72, and its provisions are mandatory.

. An administrator is chargeable on the debit side of his report with the aggregate amount of the face of the inventory, which is *prima facie* correct but not conclusive. It is his duty to charge himself in his inventory with all debts owing by him to the estate of the deceased. As to the importance and necessity of a court having an accurate inventory, and that it is not only a question of policy but a legal duty, and that a large amount of litigation arises through inattention and inaccuracy of administrators in making inventories and keeping accounts, see Woerner on the Am. Law of Adm., Sections 315, 318, 509, 510.

The same author in his work, section 395, says that claims or deductions made by administrators in violation of like statutes to ours (Sec. 72, Ch. 3, R. S.) are void. State v. Bidlingmaier, 26 Mo. 483; State v. Reinhardt, 31 Mo. 95.

Where an administrator charges himself with notes due from himself to the estate, he can not credit himself therewith on the credit side of his report. The proper practice is to appoint an administrator to bring suit on the notes and prosecute the same to final judgment. In the case at bar there was no dispute or claim that the note was paid or uncollectible. It was reported as assets. May v. Leighty, 36 Ill. App. 17; Simms v. Guess, 52 Ill. App. 543.

Heirs are not competent witnesses against each other of their own motion as to matters occurring before the death of the intestate. Burnett v. Burnett, 38 Ill. App. 186.

The burden of proof on an appeal by an administrator is upon him to show that he has accounted for the sums inventoried by him. Heward v. Slagle, 52 Ill. 336.

The right of retainer existing in favor of an executor or administrator at common law as to their claims against the estate has been expressly repealed by statute in this State.

as early as 1829.    Paschall v. Hailman, 4 Gilm. 285;  R. S.
Ch. 3, Sec. 72.

GEORGE L. HOFFMAN, attorney for appellee, contended that
the debt due from an estate to a claimant may be extin-
guished by a debt due from the same claimant to the
estate.    There is a mutual extinguishment of the demands
of the respective parties.    It is the balance only which may
be due from the one to the other which constitutes the real
claim for or against an estate.    If the balance be against
the creditor there is no entry of that fact made by the
court, for balances against the estate only are to be found
and entered.    Peacock v. Haven, Adm., et al., 22 Ill. 25.

The County Court acting within the sphere of its juris-
diction is not an inferior court.    Where it adjudicates upon
the administration of an estate over which it has a general
jurisdiction, as liberal intendments will be indulged in its
favor as to the proceedings of the Circuit Court.    Moffitt v.
Moffitt, 69 Ill. 644.

It is not necessary that all the facts and circumstances
which justify its action should affirmatively appear on the
face of its proceedings.    Probst v. Meadows, 13 Ill. 169.

To entitle an heir or legatee to relief against the order
approving a report on the ground of fraud, accident or mis-
take it must be made evident that he has a defense upon
the merits, and that such defense has been lost to him with-
out such loss being attributable to his omission, negligence
or default.    Ward v. Durham, 134 Ill. 202.

Where a County Court approves an administrator's report
or account, the order of approval is a distinct and complete
judgment, and is *prima facie* binding upon the administra-
tor and the heirs.    Curts v. Brooks, 71 Ill. 127.

Every item in an administrator's account rendered, is a
separate claim depending upon its merits, and the judg-
ment upon it is a separate judgment.    Morgan, Adm., v.
Morgan, 83 Ill. 197.

The presumption is that the evidence before the County
Court showed a case authorizing the court's action.    There is

no law requiring that proof should be preserved in the record, hence the presumption that there was proof upon which the judge acted.   Schnell et al. v. City of Chicago, 38 Ill. 390.

Until the contrary is made to appear it will be presumed that the County Court had jurisdiction and proceeded regularly.   Housh v. The People, use, etc., 66 Ill. 178.

Claims against an estate are *ex parte* proceedings; they are conclusive upon the heirs or legatees as to personal estate.   McGarvey v. Darnall et al., 134 Ill. 372; Goeppner et al. v. Leitzelmann, Adm., 98 Ill. 409.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

Ann B. Hileman died, intestate, March 25, 1893, leaving Lucy Cowen, Naomi Emerick and Ade O. Hileman, her children, as her sole heirs at law.   The latter was appointed administrator and filed an inventory, and also filed a report July 7, 1894, and another January 4, 1895, both of which were approved by the court, and upon the approval of the second, an order was entered for the distribution of the bulk of the estate, which distribution was made and reported to the court February 8, 1895, and approved.   On July 2, 1895, the administrator filed a final report, showing he had fully administered said estate except as to certain worthless notes, and except $54.06 of cash on hand; and he asked that upon distribution thereof he be discharged.   The heirs had notice of the filing of said report, and Naomi Emerick filed objections, which, upon a hearing in the County Court, were overruled, and said final report approved.   From that order Mrs. Emerick appealed to the Circuit Court, where there was a hearing and a like order, and she now appeals to this court.

The controversy relates to a note due from the administrator to the deceased.   In his inventory the administrator set down this note, gave its date and rate of interest, and stated its amount at "$3,900, less payments."   In his first report he charged himself as follows:   "1893, August 1, to balance due on Ade O. Hileman note and mortgage inventoried, less all payments and indorsements, $1,281."   In said first

report after the ordinary statement of the account in debits and credits the administrator embodied the following statement and petition: "I, Ade O. Hileman, hereby also ask this honorable court, as administrator, to appoint some discreet person as administrator *pro tem.* for the sole and only purpose of releasing of record in the Carroll county recorder's office, a certain mortgage which secured the note of the said Ade O. Hileman, inventoried herein, which note has been fully paid by him, and he has charged himself as administrator with the balance of said note as appears in this report." The report was supported by the usual affidavit of the administrator. Said report was filed July 7, 1894, and on July 10, 1894, there was a hearing as to said report and petition, and the court entered an order showing the presenting of the said report for approval, and that the cause came on for hearing upon the said report, the exhibits and proofs, and that the court found from the evidence that said report was a just and true statement of the condition of said estate, and the report was approved. The court in the order further found from the evidence that Ade O. Hileman was indebted to the said Ann B. Hileman in her lifetime; that said debt remained unpaid at her death; that he had executed a mortgage to secure said debt; that he had paid said debt and charged himself as administrator therewith. The order then appointed an administrator *pro tem.* for the sole and only purpose of discharging said mortgage of record.

Appellant urges that by the reference to the note in the inventory, the administrator scheduled it at $3,900, and is bound to account for that sum. This position can not be sustained. It was inventoried at "$3,900, less payments," which was clearly a claim by the administrator that there had been payments which reduced the note below $3,900. The heirs might have obtained from the County Court an order for a more perfect inventory, showing the precise amounts claimed to have been paid upon the note, but the inventory as it reads certainly is not an admission that the administrator was chargeable with $3,900 on account of said note.

The administrator claimed that, beside the payments indorsed upon the back of the note, he had made certain further payments in the fall of 1892, to and on account of his mother in her lifetime, which should have been, but were not, indorsed on said note, to the amount of $972.60. Appellant argues that as the said payments are not indorsed, the administrator should have filed his claim against the estate, had a special administrator appointed to defend, as provided by section 72 of the administration act, and that until his claim for such payments was so presented, was heard and allowed, he could not credit himself with such payments; that the County Court in acting upon said first report had no power or jurisdiction to determine how much he owed the estate on said note and how much credit he was entitled to as against the estate; and that its order in that respect was null and void as to the heirs; and that when Mrs. Emerick filed objections to his final report it became necessary for him to assume the burden and bring proof anew to establish the correctness of each item of his report, and to prove how much he had paid his mother on account of the said note.

We think this position of appellant can not be sustained. Section 60 of the administration act requires a claimant to swear that his claim is just and unpaid, after allowing all just credits. This administrator can not so swear, if, as he claims, these payments by him were payments upon the note. The balance was against him and the estate owed him nothing. The question how much was due from him to the estate on his note could not be settled by his filing a claim against the estate for all or any part of what he had paid on the note, whether indorsed or unindorsed. Payments to the deceased on a debt could not constitute claims to be put in judgment against her estate. Payment extinguishes the obligation of the debtor, but raises no obligation on the part of the creditor to refund the money so paid. Litch v. Clinch, 136 Ill. 410. The amount due from the administrator could have been determined by having the court appoint a special administrator to bring suit at

law against Ade O. Hileman in some court of record upon his note, or to file a bill against him to foreclose the mortgage, but this would have entailed unnecessary expense and would have removed the question from the determination of the County Court on its probate side, and, indeed, would have taken the whole matter away from the County Court, as there was more than $1,000 still due. The administrator was apparently ready and willing to pay all he owed. We can not hold the County Court had no power to determine the amount due from its administrator. It had jurisdiction of this administrator and of his inventories and reports, and power to require him to charge himself with whatever sums were legally chargeable against him. If any heir or interested creditor had shown to the County Court by petition or other proper mode that the note against the administrator was in fact for the principal sum of $5,000, we can not doubt the jurisdiction of the County Court to hear proofs and compel the administrator to amend his inventory. If the administrator, by petition or otherwise, had shown to the County Court that by mistake the principal of the note stated in the inventory at $3,900 was, in fact, only $3,000, the County Court would have had full authority to admit an amendment of the inventory. If, on July 7, 1894, the administrator had presented to the court an amendment to the inventory as to this note, stating in detail each payment he claimed he had made thereon, in our opinion the County Court would have been acting within its ordinary probate jurisdiction in investigating said alleged payments, hearing the proofs, deciding the truth of the matter, and permitting a true amendment to be filed. It may be the County Court could have appointed an administrator *pro tem.* in such a case to protect the interests of the estate, but no statute requires it. Every time an administrator presents a report, it is possible some one might advantageously resist its approval in the interests of the heirs and creditors. In every such case the administrator may have failed to charge himself with all for which he is legally liable, or may have given himself improper credits, yet the law has

not provided for the appointment of an administrator *pro tem.* for such purposes. The county judge is expected to scrutinize such matters, ascertain the facts, and protect the interests of all. A rule which should require the appointment of an administrator *pro tem.* every time the regular administrator takes a step where he could unduly charge the estate, or unduly credit himself, would be a great burden upon the estate.

We think this matter could be properly presented to the court by the administrator's report. It often happens that an administrator pays claims which he is satisfied are correct, without the formality of their being filed and allowed by the court. He becomes a creditor of the estate as to such claims so paid. In such case he is not confined exclusively to the remedy of filing such claims in his own name against the estate, having an administrator *pro tem.* appointed and a hearing and a judgment of allowance. The usual practice, we think, is for the administrator to ask credit for such claims in his annual report, and for the court to hear evidence upon the presentation of such report for approval, and determine whether the estate is liable therefor, and give or refuse credit to the administrator accordingly, the burden being upon the administrator to prove the liability of the estate for such claim. We understand the law to be that it is proper to credit an administrator in his accounts with payments made by him upon debts owing by his intestate which were never theretofore filed and allowed as claims against the estate, if the administrator proves said demands were legally due and owing, and if there are sufficient assets to pay all debts of the class to which said claims belong. The People v. Phelps, 78 Ill. 147; Millard v. Harris, 119 Ill. 185; Hapke v. The People, 29 Ill. App. 546; Lewis v. Flowree, 42 Ill. App. 497. In Millard v. Harris, *supra*, the executor paid several thousand dollars of notes executed by his decedent, and which had never been presented and allowed as claims against the estate. The executor did not file them as claims, but in his report asked credit for their payment, and the Supreme

Court held he was entitled to be so credited upon the proofs there made. A case might easily arise where an administrator having the note of the estate against a third party, the debtor would claim he had paid part of the note. If the administrator should satisfy himself of the truth of the statement and accept part payment and surrender the note, and in his report ask the approval of his action by the court, we think it not open to dispute that the court would have jurisdiction to hear the proof, determine the truth of the matter, and give the administrator proper credit. We are not to be understood as approving the practice of administrators paying claims before they are presented and allowed by the court, but the question here argued involves the jurisdiction of the County Court to hear and determine the amount due in such cases when presented only by the administrator's report.

In our opinion, therefore, the County Court had jurisdiction to hear and determine the matters presented by the administrator's first report, and its adjudication as to the amount due and owing from Ade O. Hileman to the estate was *prima facie* correct, and the heir assailing its correctness upon objections to the final report was bound to assume the burden of proof, and unless she showed by a preponderance of the evidence that the item in said first report, as to the amount due on said note, was incorrect, the judgment approving said report must stand. Bliss v. Seaman, 165 Ill. 422.

Appellant assumes the County Court must have based its order of July 10, 1894, upon the testimony of the administrator, who would be an incompetent witness to prove he had made payments to his mother in her lifetime. On the contrary, we must assume the County Court performed its duty, and heard only competent testimony, and that the fact that all said note had been paid to decedent except $1,281.90 was established by proper proof.

Appellant insists the administrator was improperly permitted by the Circuit Court to testify to payments made by him to his mother. He testified in his own behalf to cer-

tain events occurring after his mother's death. As to these facts he was competent. On cross-examination appellant inquired as to the fact of his making these unindorsed payments to his mother, and proved by him most of the payments, making up the $972.60 claimed by him. Appellant can not set up as error the questions she herself put and the answers she elicited. Whether this was proper cross-examination, or whether she made the administrator her own witness upon that subject, is immaterial, for in either case she alone brought out the testimony of the administrator as to such payments, and made it competent. There was no evidence to contradict it and the fact was thus established.

Appellant and her husband testified that there were but three indorsements on the note when the securities of deceased were examined after the funeral by appellant and husband and by W. S. Cowen, the husband of Lucy Cowen, and by Ade O. Hileman; and it is claimed that even if the indorsed payments to the amount of $972.60 were duly proven, still a large sum remained unaccounted for. The administrator also offered proof as to the indorsements on said note. This testimony became important because the administrator was unable to produce the note at the trial in the Circuit Court. The proofs show that when the first report was prepared the note was present, and several witnesses saw it; that it was taken into the County Court when the hearing was had upon said report, and that the administrator has never since seen it. No other proof was offered by either party as to the whereabouts of said note, and there is nothing to show that the administrator concealed it or is in any way responsible for its loss and non-production. The decided preponderance of the evidence is that there were five or more indorsements on the note, and not three only, as claimed by appellant, and that the charge of $1,281.90 in the first report was a correct statement of the amount then due on said note upon the basis of the indorsements appearing on its back and the $972.60 of unindorsed payments claimed by the adminis-

trator. Cowen swears that at the meeting of the heirs after the funeral, when the note was present, an estimate was made that, allowing Ade the unindorsed payments he claimed, he owed about $1,200 on the note. The proof shows that when the first report was prepared three persons made separate computations of the amount due, and after some discrepancies were adjusted, reached the same result, $1,281.90. A slip of paper was put in evidence by appellant containing computations made by one of said witnesses at said time, apparently showing a much larger sum due, but we think it clear that said paper contained only a part of the computation made by that witness, and that the paper containing the rest of her computation could not be found, and indeed the slip put in evidence reached the same result as the others, namely $1,281.90, though not showing the entire process.

We should be better satisfied if the original note could have been produced in evidence with the indorsements written upon the back thereof, but we do not see that the evidence justifies us in holding the administrator responsible because of its loss, and we are not able to say that appellant sustained her objections by a preponderance of the evidence, but think on the other hand that the preponderance of the evidence is against her. The judgment of the Circuit Court will therefore be affirmed.