## Charles Schneider and Edwin Rice, Ex'rs, v. Alvin C. Foote.

1.  LIMITATIONS—*Filing Claim in County Court as Commencement of
Suit.*—The decision in Reitzell v. Miller, 25 Ill. 67, that: "The filing of
a claim in the Probate Court, if it may be regarded as the commence-

ment of a suit so as to prevent the running of the statute of limitations; must be at the time fixed by the administrator for filing claims for adjustment, and must be followed by an adjudication at that term, or be regularly continued from term to term until it is passed upon by the court, and if it is not so acted upon or continued, a discontinuance takes place and the case is no longer in court," is still the law of this State and must govern the present case.

Claim in Probate.—Appeal from the Circuit Court of Ogle County; the Hon. John C. Garver, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 20, 1897.

F. E. Reed and H. A. Smith, attorneys for appellants.

Bacon & Emerson, attorneys for appellee.

The filing of a claim against an executor has the effect of a pending suit, and the rights of the creditors should be determined as of the date of the filing of the same, and are not prejudiced by any delay in adjudicating it. In re Hilborn's Est., 5 Pa. Dist. Ct. 265.

The simple filing of the claim ought to be considered as the commencement of a suit as in an ordinary suit at law, and should prevent the further running of the statute of limitations. Horner's Probate Law (Ed. 1881), Sec. 198.

In Maryland, it has been held in a parallel case of administration, that a claim against an insolvent estate, if not barred by the statute of limitations at the time of filing, is not afterward affected by lapse of time in adjudicating the same. Matter of Leiman, 32 Md. 225; Hignutt v. Garey, 62 Md. 190.

"The administrator gives jurisdiction of his person by publishing a notice for the presentation of claims." Ward v. Durham, 134 Ill. 195.

The Probate Court of Ogle County acquired jurisdiction of the claim of appellee when it was filed and docketed, November 17, 1891, the appellants having previously fixed upon the July term, 1890, for claim term. The claim remained upon the docket and the court never lost its jurisdiction.

There is no allegation that the claim, was not regularly continued from term to term after it was filed, and it must therefore be presumed that it was continued.    Ward v. Durham, 134 Ill. 195.

The neglect of the clerk to keep a claim once filed, upon the docket, or the absence of any special order of continuance from term to term, until final adjudication, will not bar recovery on a claim properly presented.    Barbero v. Thurman, Adm'r, 49 Ill. 283.

In Freeman et al. v. Freeman, 65 Ill. 106, the court expressly says, in fixing the period covered by the statute of limitations, specially pleaded in that case, that the statute barred all services rendered more than five years prior to the presentation of the claim.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This cause arose in the County Court of Ogle County, upon the filing by appellee of a claim against the estate of John Eyster, deceased, for taking care of the latter during his last illness.    The claim was allowed by the County Court, and upon appeal by the executors to the Circuit Court there was a trial *de novo* by a jury, resulting in a verdict in favor of appellee for $66.50.    A motion for new trial being overruled there was judgment on the verdict.

It appears from the evidence that said John Eyster departed this life April 16, 1890, leaving a last will and testament, which was duly admitted to probate in the County Court of said Ogle County, and on April 29, 1890, the appellants, Charles Schneider and Edwin Rice, were duly appointed executors, qualified and are still acting as such.    The July term 1890 of said County Court was fixed upon by the executors as a time for the presentation and adjustment of claims against the estate of the testator, and the proper notices were given as required by law.

Appellee filed his claim against the estate November 17, 1891, being a period of some sixteen months after the time fixed upon by the executors for the presentation of claims.

It does not appear from the record that any notice of the filing of the claim was given to the executors, nor that any summons was issued or served upon them, nor was anything whatever done towards prosecuting the claim until January 26, 1897, when the executors appeared in court and resisted the allowance of the claim, setting up the defenses of payment and the statute of limitations.

We think this case must be governed by the decision in Reitzell v. Miller, 25 Ill. 53, wherein it was held, that even if the filing of a claim in the Probate Court may be considered as the commencement of a suit, so as to prevent the running of the statute of limitations, yet, to have such effect, it must be filed at the time fixed by the administrators for filing claims for adjustment. And it must be followed by an adjustment at that term, or be regularly continued from term to term until it is passed upon by the court. And if it is not so acted upon or continued, a discontinuance takes place and the cause is no longer in that court.

To break the force of this decision, counsel for appellee contend that it was rendered under the statute of 1845, which they claim was different from the one now in force. We find no substantial difference between the two statutes. We think the case referred to was decided upon correct principles, and we find nothing in the later decisions which overrules it or weakens its force. No reason is perceived why the mere filing of a claim, sixteen months after the term fixed upon by the executors, without notice to them or service of process upon them, followed by more than five years of absolute inaction thereafter, should be held to suspend the running of the statute of limitations. Parties ought to be held to some sort of diligence in prosecuting their claims against the estates of deceased persons, and if, by letting them remain quiescent for many years, as was done in this case, they are lost, the cause is attributable to their own *laches*.

It is stated in argument of counsel for appellee, that the executors had notice of the filing of the claim, and had on a prior occasion joined in the taking of a deposition, to be

used on the trial of the cause.    When this was, is not stated, nor can any weight be given to the statement because the record is silent as to any such matter having occurred.

Our conclusion is that the claim was barred by the five year statute of limitations, and the court erred in not so instructing the jury.    The judgment will be reversed and the cause remanded.

We forbear to comment on the weight to be given to the receipts offered in evidence, as the cause must be submitted to another jury under proper instructions.    Reversed and remanded.