## Felix Viskniskki v. Lizzie Bleakley, Executrix.

1.  LIMITATIONS—*Filing of Claims for Probate.*—The mere filing of a claim for probate against the estate of a deceased person does not arrest the running of the statute of limitations.

Claim in Probate.—Appeal from the Circuit Court of White County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the August term, 1899. Affirmed. Opinion filed March 16, 1900.

ORGAN & ASHLEY, attorneys for appellant.

N. HOLDERBY, attorney for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Letters testamentary were issued to appellee as executrix on the estate of her husband, March 29, 1897. The first Monday of the ensuing June term in the County Court was, by notice, made the date for the adjustment of claims. Appellant filed his claim October 2, 1897, on an account, the last item of which was dated May 17, 1893. No summons was issued and no appearance then entered. A hearing of the claim was had on the 14th day of April, 1899. More than five years having then elapsed since the date of the last item of the account, the statute of limitations was interposed and the claim was disallowed. Upon appeal to the Circuit Court, the judgment of the County Court was affirmed. The only question involved is, whether the filing of the claim October 2, 1897, arrested the running of the statute of limitations. If it did, appellant is entitled to recover. If it did not, he is not entitled to recover.

Section 61 of Chapter 63, Starr & Curtis' Statutes, provides, that whoever has a claim against an estate and fails to present the same for adjustment at the term of court selected by the executor, may file a copy thereof with the clerk of the court.

" Whereupon, unless the executor or administrator will

waive the issuing of process, the clerk shall issue a summons, directed to the sheriff of the county, requiring such executor or administrator to appear and defend the claim at a term of the court therein specified, which summons, when served, shall be sufficient notice to the executor or administrator of the presentation of such claim."

In this case no summons having been issued and served on the executor, and no appearance entered until after five years, there was no legal notice of the claim to the executor, and until such notice, the statute of limitations continues to run. At the time of the hearing of the case the statute had become a complete bar. Reitzell v. Miller, 25 Ill. 67; Schneider v. Rice, 71 Ill. App. 410.

The judgment of the Circuit Court is therefore affirmed.