## Eliza DeClerque v. George W. Campbell, Administrator.

### Gen. No. 4,599.

1. APPEAL—*from what does not lie.* An appeal does not lie from an order vacating a judgment; such an order is purely interlocutory.

2. STATUTE OF LIMITATIONS—*effect of filing of claim upon.* The effect of filing a claim in the court of probate is to arrest the running of the statute against such claim.

3. ADMINISTRATION OF ESTATES—*what does not deprive court of jurisdiction over claim.* The filing of a claim against an estate in the course of administration vests the court with jurisdiction thereof and the failure to continue the hearing upon the claim from term to term does not deprive the court of such jurisdiction; the only effect of such failure is to require the claimant to give the administrator notice of the hearing upon the claim.

Contest in court of probate. Appeal from the Circuit Court of Peoria County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed March 10, 1906.

COVEY & COVEY and WINSLOW EVANS, for appellant.

ARTHUR KEITHLEY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Eliza DeClerque held six promissory notes upon which Charles H. Powell was guarantor. If nothing had intervened to arrest the ten years' Statute of Limitations, the note first maturing would have been barred on January 8, 1903, and the last one maturing would have been barred on July 3, 1903. Charles H. Powell died on August 12, 1902.

George W. Campbell qualified as his administrator in the Probate Court of Peoria county, December 31, 1902. He fixed upon the March term, 1903, for the presentation of claims against the estate. On March 16, 1903, at said term, Eliza DeClerque filed in said court a claim against said estate upon said notes, together with a written consent by the administrator for the allowance of said claim in the sum of $1872.14 and on March 17, 1903, it was allowed in that sum as a claim of the seventh class. On May 20, 1903, the widow of deceased entered a motion in said court to set aside such allowance. On June 1, 1903, the Probate Court vacated the judgment allowing said claim. On June 15, 1903, claimant prayed for and was allowed an appeal to the Circuit Court from the order vacating said judgment, and filed an appeal bond, which was approved. It is alleged by one party that on that appeal the claim was once allowed in the Circuit Court, and the judgment afterwards vacated, but we find no such proof in this record. On May 11, 1904, claimant dismissed her appeal in the Circuit Court, and a *procedendo* to the Probate Court was ordered. The *procedendo* was issued June 6th, and served June 30, 1904. The claim came on for hearing in the Probate Court, and on October 26, 1904, it was allowed at $1986 as of the seventh class. From that allowance the administrator prosecuted an appeal to the Circuit Court, where the claim was tried without a jury, and the issues were found for the estate, and the administrator had a judgment for costs, from which judgment claimant prosecutes this appeal. The sole question is whether the claim is barred by the ten years' Statute of Limitations.

The right of action upon these notes had not been barred when Powell died. Section 19 of our statute gave the owner of the notes one year after letters of administration within which to commence an action thereon against the administrator. That year began to run December 31, 1902. The claim was filed with the written consent of the administrator to the allowance of the claim, and the claim allowed, in March, 1903. The claim had not then been barred. It was

not barred when the widow procured the vacation of that allowance.   The effect of that vacation was to leave the claim pending in the Probate Court for trial.   The attempt by claimant to appeal to the Circuit Court from the order vacating the judgment was void.   That order was interlocutory only and not appealable.   That appeal did not have the legal effect of removing the claim to the Circuit Court or give that court any jurisdiction of the cause.   The claim remained in the Probate Court, without action from June 11, 1903, when the judgment was vacated, till it was again tried in that court, which seems to have been October 26, 1904, the day when it was allowed.   The clerk of the Probate Court testified that he had examined the records of his court in the case of this claim, and that there was no order continuing the claim from term to term, or from month to month, or to any time.   The argument is that for want of an order continuing the claim from term to term the claim was discontinued at the close of the June term, 1903, and that the ten years' statute had therefore barred it before the date of its allowance on October 26, 1904.

Appellee relies upon Propst v. Meadows, 13 Ill., 157; Reitzell v. Miller, 25 Ill., 67; Schneider v. Foote, 71 Ill. App., 410; and Viskniskki v. Bleakley, 88 Ill. App., 613. Propst v. Meadows was a bill in equity to set aside the allowance of a claim without notice to the executor.   It was there said that if claims are not finally disposed of at the term fixed by the executor for the presentation of claims, they must be continued by order of court to some specified time, or be presented again under the statute.   In Reitzell v. Miller, the August term, 1850, was designated for the presentation of claims.   Miller's claim was not filed till May 7, 1852.   It does not appear that any steps were taken to notify the administrators or to bring them into court till the March term, 1859.   The claim was on an open account, and was due when the intestate died in April, 1850.   The statutory bar of five years was complete before any notice of the claim was given the administrators.   The court said that if the filing of a claim was the commencement of a suit

so as to stop the running of the Statute of Limitations, it must be at the time fixed by the administrators for the adjustment of claims, and if not acted upon at that term must be regularly continued from term to term, or a discontinuance takes place, and the case is no longer in that court, and to again become a pending suit the administrators must be brought into court by the notice prescribed by statute. In Schneider v. Foote, letters were issued April 29, 1890, and the June term, 1890, was fixed for the adjustment of claims. The claim there in question was filed November 17, 1891. No notice was given the executors nor was there service of summons upon them. On January 26, 1897, the executors appeared and resisted the claim. The claim, which was for services, was held to be barred. In Viskinskki v. Bleakley, letters were issued March 29, 1897. The June term, 1897, was fixed for the presentation of claims. The claim there in question was on an open account, the last item of which was May 17, 1893. The claim was filed October 2, 1897. No summons was issued for the executor, nor was he notified, nor did he then appear. The claim was heard April 14, 1899. There was no summons or appearance till after the five years' statute had run. The claim was held barred. It will be seen that in each of these cases, except Propst v. Meadows, the claim was not filed till after the expiration of the term fixed for the presentation of claims, and no summons was sued out nor was the personal representative notified nor did he appear till after the bar was complete, unless the statute was arrested by the mere filing of the claim after the expiration of the term fixed for that purpose. It is obvious that no jurisdiction was acquired till after the bar was complete.

What was said by the Supreme Court in the two cases first above cited was afterwards qualified by that court in Barbero v. Thurman, 49 Ill., 283. There the claim was filed at the appointed term, continued twice, then left off the docket for over three years, then redocketed, continued twice and then tried. The question there was whether there had been a compliance with the statute requiring claims to be

exhibited within two years. The court said claimant had literally complied with the statute in filing the claim on the first day fixed by the administrator, and added: "What matter that the clerk neglected to keep it on the docket or that there was no special order of continuance from term to term? Granting that this rendered a new notice to the administrator necessary before allowing the claim, yet it did not affect the fact that the claim had been exhibited within the time and in the manner required by the statute, and the bar of the statute saved." The court also there said that the point really decided in Propst v. Meadows was that a claim filed at the time appointed, but not adjudicated, and not continued by express order, cannot be taken up and allowed at a future term without notice to the administrator or his presence; and that in Reitzell v. Miller, the court merely decided that filing a claim at a time not appointed was not such a commencement of a suit as to stop the running of the general Statute of Limitations. In McCall v. Lee, 120 Ill., 261, letters were issued May 10, 1879. The claim there in question was filed April 11, 1881. It was continued by agreement to await the result of another suit. In August, 1883, it was reinstated after notice to the executors. It was argued it was error to reinstate it as the clerk had omitted to continue and keep the case on the docket from term to term. The court said the executors must have had notice of the original filing of the claim, as they agreed to its postponement to await the decision of the other cause, and added: "The claim having been filed in time, it made no difference whether the clerk kept it on the docket or not, so long as there was no order in any manner disposing of it." It was held in Ward v. Durham, 134 Ill., 195, that by giving notice to creditors of the estate to present their claims for allowance at a certain term, the executrix gave the court jurisdiction of her person at that term and jurisdiction of the subject-matter of claims filed at that term.

In the case before us the claimant filed her claim at the term fixed therefor by the administrator, together with his consent to its allowance at a specified sum. The court there-

fore at that term had jurisdiction of the subject-matter and of the administrator. The claim was then allowed, and afterwards the allowance was vacated on the application of the widow. The claim then stood before the court for trial. The court therefore had acquired jurisdiction of the claim and of the defendant before the Statute of Limitations had run against the debt, and the running of the statute was thereby arrested. Was there a discontinuance of that case thereafter, —a loss of that jurisdiction,—so that the running of the statute was resumed? Ignoring what is said in the above cases applicable only to the statute requiring the presentation of claims to the Probate Court within two years after the issue of letters, we think the proper conclusion from the more recent of the above decisions is against the loss of jurisdiction. Our conclusion is that the claim remained pending before the Probate Court, but that, in the absence of express orders of continuance from term to term or time to time, it was necessary to notify the administrator before the claim could thereafter be taken up for trial. In the present case the cause, so far as appears, remained upon the docket of the County Court but no order was entered specially continuing that claim from term to term. If the cause was thereby discontinued, it would be necessary to refile the claim at some later term, but the later cases are that all that is necessary is to serve notice on the administrator that the claim will be called up for trial at a certain date or term. The jurisdiction of the court over the claim is treated as remaining notwithstanding the absence of express orders of continuance. We conclude that this claim was not barred.

The judgment is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*