## George W. Campbell, Administrator, v. Eliza DeClerque.

### Gen. No. 4,859.

1. GUARANTOR—*when presumption of obligation as, arises.* In the absence of proof to the contrary, the signing of a note on its back above the signatures of the payees, makes a contract of guaranty.

2. GUARANTOR—*when proof of signature of, need not be made.* The proof of the signature of a guarantor need not be made where no verified denial of execution is interposed to the action.

3. GUARANTY—*when Statute of Limitations does not release.* A guarantor is not released by a failure to present the claim based upon the original undertaking against the estate of the principal obligor within the period fixed by statute for the presentation of claims against a deceased's estate.

Contested claim in court of probate. Appeal from the Circuit Court of Peoria county; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 8, 1907.

C. C. DUTCH, for appellant.

WINSLOW EVANS and COVEY & COVEY, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Eliza DeClerque held six promissory notes, upon the back of which appeared the name of Charles H. Powell. If nothing had intervened to arrest the ten years' Statute of Limitations, the note first maturing would have been barred on January 8, 1903, and the last one maturing would have been barred on July 3, 1903. Charles H. Powell died on August 12, 1902. George W. Campbell qualified as his administrator in the Probate Court of Peoria county, December 31, 1902. On March 16, 1903, Eliza DeClerque filed in said court a claim against said estate, upon said notes. The claim was allowed in the Probate Court, and on appeal to the Circuit Court of said county the issues were found for the estate and the administrator had judgment for costs, which judgment was before this court on appeal at the October term, 1905. DeClerque v. Campbell, 125 Ill. App. 357. Afterward, there was a trial below without a jury, resulting in a judgment for $2,137.65 and this appeal.

The opinion in the case, DeClerque v. Campbell, *supra,* disposed of most of the questions argued here, in favor of the present appellee, appellant before. It was there held that the right of action upon these notes had not been barred when Powell died, and that section 19 of our statute gave the owner of the notes one year after letters of administration had been granted within which to commence an action thereon against the administrator. That year began to run December 31, 1902, and the claim was filed March, 1903.

It appears that each of said notes was signed by the Sylvan Remedy Co., and payable to the order of DeClerque and Hirschman, and indorsed on the back by Charles H. Powell, E. F. Baldwin, DeClerque and Hirschman. We hold that in the absence of proof to the contrary, as Powell signed the notes on their backs, above the signatures of the payees, who became indorsers, he is presumed in law to be a guarantor. "If

a promissory note in the hands of the payee has upon its back the signature in blank of a third person, the presumption, in the absence of proof, is that such person indorsed as a guarantor, but this presumption may be rebutted by clear and satisfactory proof of a different intention.'' Stowell v. Raymond, 83 Ill. 120. Powell not being a party to the note, the title to it did not pass by his indorsement and he was not liable as an indorser, and being neither principal nor indorser, in order to effectuate the presumed intention of the parties, he became liable as guarantor.

We hold that he was not released by the running of the Statute of Limitations against the principal makers of the notes after the death of the guarantor and before one year after the granting of letters of administration on the guarantor's estate, for the reason that a contract of guaranty is an original undertaking and not a debt of surety.

We hold that as no affidavit was filed denying the signature of Powell on the back of the note, it was not necessary for appellee to make proof of his signature, and that section 33 of the Practice Act in force prior to 1907, requiring an affidavit denying the execution of any instrument in writing in order to compel proof of the genuineness of the signature, applies to a claim on a note filed in the Probate Court, the same as on a suit at law on a note in any other court.

The holdings above dispose of all the questions presented to the court below in appellee's propositions of law, except the fifth and sixth, which raise the question of the jurisdiction of the Probate Court of the subject-matter of the cause and the person of the administrator. Those questions were decided in favor of appellee in the opinion in DeClerque v. Campbell, *supra*, and the court below did not err in refusing to hold each and all of appellee's propositions, as they were not applicable to the evidence in this record.

The court did not err in sustaining appellee's objection to certain evidence offered of which appellant

here complains, because it related only to questions finally adjudicated by the former decision of this court.

Finding no serious error in this record, the judgment of the Circuit Court is affirmed.

*Affirmed.*